No. 101.—A. S. RUTHERFORD, receiver, plaintiff in error, *vs.*
SEABORN JONES, defendant.

[1.] The Clerk of the Superior Court is not entitled to demand the costs for
making out the transcript of the record, before transmitting the same to
the Supreme Court.

This was an application for a mandamus, to be directed to the
Clerk of the Superior Court of Muscogee County, requiring him
to send up the transcript of the record in this cause, which he
refused to transmit until the costs of making out the transcript
were paid.    The single question involved, was the right of the
Clerk to demand these costs before transmitting the record.

WM. DOUGHERTY, for plaintiff.

H. HOLT, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

[1.] The question submitted, is important to parties litigant,
and also to the officers.    Both from an examination of the Act
organizing this Court, and the general legislation of the State,
in relation to costs, our conclusion is, that the Clerk is not en-
titled to demand the costs for making out the transcript of the
record before transmitting it to the Supreme Court.

Under the Act of 1845, organizing the Supreme Court, the
party filing exceptions is required to pay only such costs as
have accrued up to the time of filing of the bill of exceptions.
The making out of the transcript of the record, is subsequent
to the filing of the bill of exceptions.    In fact, it is the result of
this act, and in obedience to the mandate of this Court, con-
tained in the writ of error.

When we look to the current of legislation on the subject of
costs,  we find that the Statutes are express, that the costs shall

Rutherford *vs.* Jones.

not be demanded at the several stages of the case, but shall be collected only at its final termination, out of the defeated party.

We are aware, that in this case, and in this County, where there are a large number of writs of error sued out, and transcripts are in many cases voluminous, this rule may work a hardship upon the Clerk. But a different rule would be productive of much greater injury, both to suitors and their counsel, especially where causes are tried in Counties remote from the residence of the attorneys. It would be throwing an obstruction also in the way of suitors desirous of appealing to this Court, which we do not feel authorized to do, unless required by the Act of the Legislature.

Let the mandamus issue.