Ford *vs.* Adams *et al.*

Moses & Downing, for plaintiff in error, cited 41 Georgia Reports, 95, and Pry *vs.* Talliaferro, last term.

J. S. Wimberly, E. Beall, for defendant.

---

Keziah Ford, plaintiff in error, *vs.* H. and C. B. Adams, administrators, *et al.*, defendants in error.

A bond which was given by an administrator, with security, dated July 9th, 1865, and without the attestation of the Ordinary, but from the minutes of the Court of Ordinary appeared to be by order reciting the fact, approved, is a good bond under the Code of this State, it being by such order of the Ordinary on the minutes, a sufficient compliance with the requisitions of the Code in the premises; and it was error in the Court below, in a suit brought by the Ordinary for the use, etc., to reject it in evidence upon the ground that it was invalid on account of the absence of such attestation.

Administrator's bond.    Before Judge Harrell.    Stewart Superior Court.    April Term, 1871.

This was a suit by the Ordinary on an administrator's bond, against the administrators and their surety.    The surety pleaded that he signed the bond upon the agreement

Ford *vs.* Adams *et al.*

with the administrators that another named person, who had agreed to do so, would also sign as surety, and said person never did sign the bond. The balance of the case is fully reported in the opinion.

B. S. WORRILL, for plaintiff in error, said the bond is good : Section 2466 Revised Code. *Non est factum* was not pleaded, and therefore want of attestation not good objection to bond : Revised Code, sections 2800, 3422 ; 7 Ga. R., 31 ; 15 Ga. R., 423.

H. FIELDER, HOOD & KIDDOO, for defendants. The plea is equivalent to *non est factum :* 6 Ga. R., 262 ; 17, 521 ; 11, 286 ; 4 Cranch, 59 ; Revised Code, sections 2800, 3422. Attestation necessary : Revised Code, section 2466. It must be according to statute : 7 Ga. R., 31 ; Revised Code, section 2447. The order does not dispense with attestation : R. Code, sections 2465, 2466.

LOCHRANE, Chief Justice.

This was a suit brought by the Ordinary of Stewart county for the use of the plaintiff in error against certain parties as administrators of Samuel Adams, deceased, and their security on the administration bond. The plaintiff offered in evidence the administrator's bond, which was objected to by the defendant's counsel upon the ground that it was not attested by the Ordinary of said county. Thereupon counsel for the plaintiff submitted to the Court an order from the minutes of the Court of Ordinary of said county, passed at the January Term, 1865, of which the following is a copy : "It appearing to the Court that Holland Adams and Charles B. Adams, have made application in terms of the law for letters of administration on the estate of Samuel Adams, late of said county, deceased, that notice of said application has been published in the Columbus Enquirer, a public gazette of this State, the time required by law, that no cause has

been shown to the contrary, and that the said applicants had given bond with good and sufficient security, and taken the oath required by the statute in such cases, it is on motion therefore ordered that the application of said Holland H. Adams and Charles B. Adams, be, and the same is hereby granted, and that letters of administration be accordingly granted."

Upon the hearing the Court held that the bond was invalid, and passed the following order: "It appearing to the Court that Adams' bond, in said case, had not been attested by the Ordinary, it is, on motion, ordered that the said case be dismissed," signed by the presiding Judge.

This is the only question raised by the record, and the legal question arising thereon is whether the judgment of the Court in holding this bond to be invalid, upon the ground that it was not attested by the Ordinary, was or was not erroneous. We are satisfied that the Court committed error in holding this bond invalid, and in rejecting it as evidence, and dismissing the suit. Even if it were not good as a statutory bond, it was clearly valid as a voluntary bond, under the various rulings of this Court. But under section 2466 of the Code, prescribing the manner of giving bond by administrators, it is declared a "substantial compliance with these requisitions for the bond shall be deemed sufficient, and no administrator's bond shall be declared invalid by reason of any variation therefrom as to payee, amount, or condition, where the manifest intention was to give bond as administrator, and a breach of his duty as such has been proved." This bond was executed on 9th January, 1865, and at the January Term, 1865, of the Court of Ordinary, the order was passed, reciting that the bond, with good and sufficient security had been given, and ordering the letters of administration to issue. Was there not, by this order, a higher dignity of attestation by the Ordinary as to the *factum* of the bond than the signing of his name would have been? Is it not substantially a compli-

ance with the requisitions prescribed in the Code ?   Treating the question as it was presented to the Court, without plea of *non est factum*, or denial of its invalidity other than its want of attestation, we think the Court erred under the facts in holding it to be invalid.   This was a suit brought by the Ordinary of the county of Stewart, and the bond came from his possession into the Court as evidence; and under the order passed by the Ordinary, it appears such bond had been given by the administrators, and had been received and approved and recognized by him.   And deciding the only question raised by the record, we think the Court ought to have permitted it to have gone in evidence, and let the parties defendant raise such defenses and issues thereon as their rights may have legally invoked.   The rules for the construction of statutory enactments in this State declares a substantial compliance with any requisition of the Code, etc., shall be deemed sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment."   And applying this principle to section 2466 as well as section 4th, paragraph 7th, we think the bond presented by this record was substantially executed in compliance with the provisions of law, and could not be declared invalid, inasmuch as the law itself did not declare it invalid for want of such attestation.

Judgment reversed.