Trifpe, Judge.
From the evidence, the administrator must have taken out let *116 ters of administration in 1860, or 1861. No return was made until May 28th, 1867. This return showed, by the entry made by the administrator himself,. a “balance on hand due estate, $509 77.” The vouchers show that amount must have been “on hand” as early as December, 1862. After proceedings were commenced against the administrator in 1871, to-wit: in July of that year, the administrator made another return reciting that the former return, by mistake, omitted to state that said balance was received by him in Confederate currency, and that such was the fact. This return does not show what the administrator did w.ith that balance; whether it was forced to remain in his hands, by there being no one then competent to receive it, and that it was thereby lost, or became worthless whilst in his possession. Indeed, no explanation in the return, or in the evidence, is given as to what became of that money, or balance.
The verdict of the jury was for $509 77, the amount of that, balance with interest from the 28th May, 1867, the date of the return.
The administrator complains that he is made to pay in good funds the amount of the Confederate currency, he received in December, 1862. The jury allowed him more than four years’ interest, and if he were entitled to more, he should have shown *it, either by his returns or on the trial. The presumption is that he used the money, or invested it for himself, and unless he show that he was unable to use it for the estate, or to pay it over to those -entitled to it, or by some evidence that he discharged his duty in relation to it, he cannot complain at now being called on for it, especially when an allowance is made to him of four years’ interest. Confederate money was not so worthless in 1862 that a trustee can ask that he shall be granted more than the jury did in this case, when he gives no account whatever as to what he did with the funds.
The other questions made in the bill of exceptions were abandoned by plaintiff in error, and the decision made at this term, in the case of Margaret Johnson vs. J. R. Janes et al., disposes of the points involved in the third and fourth grounds in the motion for a new trial.
Let the judgment refusing a new trial be affirmed.