THE SINGER MANUFACTURING COMPANY *vs.* WALKER & COMPANY.

1. Where a case was tried before a justice of the peace, and from the judgment rendered by him the defendant appealed to a jury in that court, if, upon the call of the case for trial upon the appeal, the defendant did not appear, it was error for the justice for that reason to dismiss the appeal. An appeal is a *de novo* investigation, and should not be dismissed because of the absence of the defendant.

2. There was no error in refusing to allow the plaintiff in *certiorari* to amend the grounds of his petition therefor.

October 19, 1886.

Appeal.   Justice Courts.   Practice in Superior Court. *Certiorari.*   Amendment.   Before Judge MARSHALL J. CLARKE.   Fulton Superior Court.   March Term, 1886.

Walker & Company sued the Singer Manufacturing Company on an account in a justice's court and recovered judgment.   The defendant appealed to a jury in that court.   When the case was called on the appeal, the defendant was not present.   The plaintiff moved to dismiss the appeal, which motion was granted.   The defendant carried the case to the superior court by *certiorari*, and on the hearing moved to amend it by assigning error because the judgment of dismissal, as appeared from the answer of the magistrate, was not rendered on the day for holding court.   This was refused.   The court affirmed the judgment of the magistrate, and the plaintiff in *certiorari* excepted.

ALEXANDER & TURNBULL, for plaintiff in error.

J. C. JENKINS, for defendants.

HALL, Justice.

1. Where judgment has been rendered in a justice's court against the defendant in a suit, and he enters an appeal to a jury in that court, can the justice dismiss the appeal, on motion of plaintiff, because the defendant fails to put in an appearance and defend when the case is called for trial upon the appeal?   This is the only question made by the record which it is necessary to consider.   We cannot concur with our learned brother of the superior court in his judgment that the absence of the appellant, who was the defendant in the suit, from the trial when the appeal was called, was a sufficient reason for dismissing his appeal.

Our law expressly provides that an appeal to the superior court is a *de novo* investigation; and that it brings up the

whole record; and declares all competent evidence admissible on the trial of thereof, whether admitted on a former trial or not; and that either party is entitled to be heard on the whole merits of his case. Code, §3627, and citations. Appeals in a justice's court are taken in the same way and are governed by the same rules as those in the superior court. *Ib.* §4157 (a).

2. As to the other question made by the record, viz. that there was error in refusing a motion by the plaintiff therein to amend the ground of his petition for *certiorari*, we think there was no error; and on the first ground only we direct that the judgment be reversed.