## IN THE MATTER OF CONTEMPT BY FOUR CLERKS.

1. It is the duty of the clerk of a court the decisions of which are reviewable by writ of error to this court to transmit to the clerk of this court, at the same time, both the original bill of exceptions and the transcript of the specified portions of the record, within ten days from the date of the filing of the bill of exceptions, when the case is one that can be brought to this court on the ordinary writ of error, and within fifteen days from the date of service of the bill of exceptions when the case is one which is required to be brought here by a fast writ of error.

2. If such clerk delays the transmission of either the original bill of exceptions or the transcript beyond the time above mentioned, it is his duty to certify on the transcript the true cause of the delay.

3. The transcript of the record must be legibly written or printed on white paper, and if written with pen or typewriter, the same must be done on only one side of each sheet.

4. The various parts of the transcript must be arranged in order of time, that is, the first document filed shall be foremost in the transcript, and so on to the last order or document filed immediately preceding the transmission of the transcript and bill of exceptions.

5. As against a clerk, an illegible or confused transcript of the record will be treated as no transcript.

6. It is the duty of the clerk to transmit the transcript notwithstanding the plaintiff in error has neither filed a pauper affidavit nor paid the costs due the clerk for making out the transcript.

7. The rules against the clerks in the present proceeding are discharged, for the sole reason that it appears from the answer of each that they were under a misapprehension of their duty in regard to certifying the true cause of the delay in transmitting records, and it is manifest from each answer that there was no intention on the part of any of them to wilfully disregard the rule of court in reference to this matter, or the law in reference to the time of transmission.

June 7, 1900.

Cobb, J.   Rules were issued against four clerks, calling upon them to show cause why they should not be punished for contempt for failing to certify on the transcripts of records which they had transmitted to this court after the expiration of the time allowed by law the true causes of such delay.   The certificate of the clerk on the transcript in each case was silent as to the cause of the delay.   Answers have been filed in response to these rules, in which various reasons are set forth for the failure to transmit the records in time.   In each instance the answer in reference to the failure to certify on the transcript the cause of the delay amounts to nothing more or less than either a misapprehension or an ignorance of the law.   As it is manifest, however, from each of the answers that there was no intention on the part of these clerks to violate the law or the rules of this court, no penalty will be inflicted upon them, and the rules will be discharged.

We take advantage of this opportunity to call the attention of the clerks of the courts the decisions of which are reviewable here to the requirements of the law and the rules of this court in reference to the transmission of records, and to give notice that hereafter a strict compliance with the same will be expected and required under penalty.

When a bill of exceptions is filed in the office of the clerk of the trial court, it is his duty to make a complete transcript of such parts of the record as are specified in the bill of exceptions,

and transmit the same, with the original bill of exceptions, to the clerk of this court within ten days from the date the bill of exceptions is filed, if the decision complained of is reviewable here on an ordinary writ of error. Civil Code, § 5554. If the decision complained of is in a case which is required to be brought to this court by a fast writ of error, the bill of exceptions and transcript of the record must be transmitted within fifteen days from the date of the service of the bill of exceptions. Civil Code, § 5540. The bill of exceptions and transcript must both be transmitted at the same time. If for any cause the clerk delays transmitting either the record or the bill of exceptions beyond the time above mentioned, it is his duty to "certify to this court on the transcript the true cause of the delay." Rule 8 of Supreme Court (Civil Code, § 5607). A failure to transmit either the record or the bill of exceptions within the time prescribed by law, when there is no sufficient excuse for the delay, is a contempt of this court; and a failure to certify upon the transcript the true cause of such delay is also a contempt of this court, notwithstanding there may be a sufficient excuse for such delay. The duty of transmitting within time, and the duty of certifying as to the true cause for the delay, if delay is unavoidable, are not the only duties imposed upon the clerks of the trial courts in reference to the transcripts which they are to transmit to this court. Every transcript shall be plainly and legibly written or printed on white paper, so as to be read without more than ordinary strain or effort. If written with pen or typewriter, the same must be done on only one side of each sheet. The various parts of the transcript shall be arranged in order of time, that is, the first document filed shall be foremost in the transcript, and so on; matters copied from the minutes, such as verdicts, orders, judgments, etc., being also placed in order according to dates. Rules 10 and 11 of Supreme Court (Civil Code, §§ 5609, 5610). A failure on the part of the clerks of the trial courts to comply with the duties imposed by these rules is also a contempt and subject to be punished as such; and as against such clerks an illegible or confused transcript of the record will be treated as no transcript. Rule 9 of Supreme Court (Civil Code, § 5608).

Parties to a case who are not themselves at fault, and who have ·exercised due diligence in ascertaining whether the clerk has discharged his duty, and, if he has not, have with like diligence sought to compel a discharge of such duty, will not be preju-·diced by the conduct of the clerk, provided the record reaches the office of the clerk of this court in time to be entered on the ·docket of the term to which it is by law returnable.   Civil Code, §§ 5555, 5564, 5571 ;  Rule 12 of Supreme Court (Civil Code, § 5611).    But the clerk who is in default is always subject to be punished for contempt.    It is to be noted in this connection that that part of section 5571 of the Civil Code which provides that, under certain circumstances, a case reaching this court ·after the cases from the circuit to which it belongs have been disposed of shall be entered on the docket of the next term, has been ·declared to be unconstitutional.  See *Davis* v. *Bennett*, 72 *Ga.* 762.

In the answer of one of the clerks it appeared that the delay in transmission was due to the fact that the costs due him for making the transcript had not been paid.   In the case of *Rutherford* v. *Jones*, 12 *Ga.* 618, it was held that "The clerk of the superior court is not entitled to demand the costs for making out the transcript of the record, before transmitting the same to the Supreme Court."   Under the law as it existed at the time that decision was rendered, the clerk had no right to demand his costs at all until after the final termination of the case ; but the law now provides that when the clerk transmits a record to the Supreme Court, except in cases where an affidavit of inability to pay the costs is filed, he may make out a bill of the costs for such transcript, and when presented to the judge of the court and found by him to be correct, the judge shall award judgment in favor of the clerk for such costs. Civil Code, § 5400.   While the clerk has no right to demand payment of the costs as a condition precedent to transmitting the transcript, he has, under the law just referred to, a right to have an execution issued, which would be a remedy available to him to collect his costs in the event the plaintiff in error had failed to file the affidavit of inability to pay costs, and was solvent.    In addition to this, if the plaintiff in the case is the plaintiff in error and is a non-resident of the State, the clerk

has a remedy by application to the judge to require him to make a deposit additional to that which is required at the beginning of the suit. Civil Code, § 5399.

*Rules discharged. All concurring, except Fish, J., absent.*