338.  ROUSCH *v.* GREEN.

1. An appeal is a de novo investigation, and should not be dismissed because of the absence of either party to the cause. The action may be dismissed for such absence and failure to prosecute the case on the part of the plaintiff, but the appeal can not be dismissed for that reason.

2. Consequently, where judgment in favor of the defendant had been rendered by a justice of the peace, and the case had been appealed to the superior court, it was error, for non-appearance of the plaintiff, to dismiss the appeal, order an affirmance of the judgment in favor of the defendant, and enter judgment for costs against the plaintiff.

Appeal, from Jones superior court—Judge Lewis. October 16, 1906.

Submitted May 13,—Decided May 28, 1907.

*R. Douglas Feagin,* for plaintiff.

*Johnson & Johnson,* for defendant.

RUSSELL, J.  Rousch brought a complaint on a note against Thomas Green. Green filed a plea of non est factum, and other pleas in addition thereto. On the trial of the case before the justice, a judgment was rendered in favor of the defendant. The plaintiff appealed the case to the superior court. When the case

was called in its order in the superior court, neither the appellant nor his counsel was present. The defendant announced ready and made a motion to dismiss the appeal; and thereupon the court granted the following order and judgment: "Jones superior court, October term, 1906. The within case having been called in its regular order, and there being no appearance for the appellant, it is ordered, upon motion of the defendant, that the appeal be dismissed, the judgment of the lower court be sustained, and that defendant recover of plaintiff all costs of this suit to be taxed by the clerk." The plaintiff (now plaintiff in error) excepts to this judgment, and alleges that the court erred in entering up the judgment and order above set forth, and in dismissing the appeal, and in ordering the judgment of the justice's court affirmed at plaintiff's cost.

There is but one question presented for adjudication, and that is whether the defendant in a case pending on appeal has the right to dismiss the appeal, or is restricted to a motion to dismiss the case. The objection of the plaintiff in error is limited to this one question, for the reason that there can not be any error in the judgment of the superior court in affirming the judgment of the justice's court, if the defendant had the right to dismiss the appeal; for, if so, the law itself would affirm the judgment of the justice's court. This has been held in *Fagan* v. *McTier*, 81 *Ga.* 75, 6 S. E. 177; and the same principle is embodied in the concluding portion of section 4470 of the Civil Code of 1895. We think the judge of the superior court erred in dismissing the appeal on the motion of defendant's counsel. Although it is true that the appeal merely suspends judgment, it is nevertheless true that the appeal is a proceeding de novo. So far as concerns the opposite party (the respondent), the present case, when appealed, was an original suit on the promissory note, brought in the superior court. As such original suit, and thus considered, when the plaintiff failed to appear the defendant could do nothing except move to dismiss the action; and, the appeal making the case in the justice's court stand in the same relation to the respondent as if the case had been brought in the superior court and had never been tried, the defendant's rights were no greater than if that had been originally done.

8

Counsel for defendant in error urges that, if the defendant's only remedy is to dismiss the case on appeal, such a rule would be harsh and unjust, because the plaintiff, in that event, could renew his action, and the judgment of the justice would become a nullity. The learned counsel for defendant in error asks: "How can a defendant in a case like this ever get any benefits from the judgment in the lower court, if he is forced to dismiss the case on appeal?" And he then proceeds to argue: "All the plaintiff would have to do would be to remain away, and thus either force the defendant to dismiss the case on appeal or await his pleasure for trial. The plaintiff can keep on litigating, and worry the defendant until the statute bars him." Even if this be true (though it is not usual for plaintiffs to prosecute fruitless suits), we can only follow the law. By the Civil Code, §4469: "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and all competent evidence is admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case." The judgment appealed from is in no legal sense final. Until the appeal was disposed of, the case was undetermined, and there could be no final judgment on the merits. The appeal opened the case to a full hearing on all the issues made. Its effect was to suspend the first judgment." Had the judgment been for the plaintiff, it would have "bound the property of the defendant to no greater extent than to prevent its alienation between that time and the signing of the judgment on the appeal." *Williams* v. *McDaniel,* 77 *Ga.* 6. By the provisions of the Civil Code, §4471, "no person shall be allowed to withdraw an appeal after it shall be entered, but by the consent of the adverse party," and, except for defects in the appeal proceedings, this is the only provision for dismissing an appeal. If the appeal is properly in court, and all the requirements of law with relation to appeals have been complied with, and there is no defect as to time, bond, sureties, etc., the appeal can not be dismissed by the opposite party, except upon the same terms as any other action originating in the court. And we fail to see any peculiar hardship in this. The defendant on the appeal, if he is the respondent, can move to dismiss the case, and it is true it can be brought again. If the cause was an original action, all the defendant could do would be to dis-

miss the case, and it, too, could be brought again. It is true that, so far as our investigation extends, in all the cases in which the Supreme Court has held it to be error to dismiss the appeal, the defendant was the appellant. But this does not alter the rule. The reason why in any case it is error to dismiss such an appeal is that both parties have the same right (if the case is properly in court) to be heard upon the merits as if it had never been tried.

The only reason the defendant in error gives why it should be otherwise is that if he had moved to dismiss the case, and it had been dismissed, the plaintiff could sue again, whereas, if the appeal can be dismissed, he would hold the judgment rendered by the justice in his favor. This would violate the express provisions of section 4469, which makes an appeal a new investigation. Without referring to numerous authorities which amply sustain our view of this subject, we think the question is fully settled in the case of *Bateman* v. *Smith Gin Co.*, 98 *Ga.* 219, 25 S. E. 422: "Where a plaintiff fails to appear and prosecute his case, it is, of course, the right of the defendant to move to have the same dismissed for want of prosecution; and this is the only proper course to be pursued, unless there has been filed a plea of set-off, or some other defense in the nature of a cross-action against the plaintiff. In that event, it might be the right of the defendant to proceed to prove his counter-claim and take judgment thereon; but, even then, the merits of the plaintiff's cause of action would not be affected by the rendition of a judgment in the defendant's favor upon his counter-claim." See, also, *Griffin Marble Works* v. *Padgett,* 77 *Ga.* 497, 498; *Central Ry. Co.* v. *Howard,* 112 *Ga.* 917, 38 S. E. 338; *Montgomery* v. *Fouché,* 125 *Ga.* 43, 53 S. E. 767; *National Furniture Co.* v. *Edwards,* 105 *Ga.* 240-242, 31 S. E. 161. In *Singer Mfg. Co.* v. *Walker,* 77 *Ga.* 649, the exact question was decided, except that the defendant, instead of the plaintiff, appealed from the judgment of the justice of the peace; but the reason of the decision is stated, and is the same as that upon which we base our judgment.

*Judgment reversed.*