### 756.  DAVENPORT *v.* PUETT *et al.*

An appeal in a justice's court, from the judgment of the justice to a jury in the court, can not be dismissed, unless some requirement of the statute allowing the appeal has not been complied with. The justice has no authority to dismiss the appeal because of a failure to prosecute or sustain the appeal. The case, but not the appeal, should be dismissed.

Certiorari, from Forsyth superior court—Judge Gober. August 27, 1907.

Argued December 16, 1907.—Decided March 30, 1908.

*H. L. Patterson,* for plaintiff.   *Brooke & Henderson,* contra.

HILL, C. J.   The questions in this case arise on a motion to distribute a fund in a justice's court. Davenport and Puett had brought the money into court on process of garnishment, and there were three claimants of the fund,—Davenport, Puett, and Fowler, —all of whom held executions against the defendant. These fi. fas. were a part of the motion to distribute, and it appeared that the oldest was that in favor of Fowler, and the next in date that in favor of Puett. Davenport filed a caveat to the fi. fa. held by Puett, on various grounds, and had written consent to make an oral attack on the fi. fa. in favor of Fowler, on the ground of dormancy. The justice found against the caveat to Puett's fi. fa., and awarded the fund to the respective fi. fas. according to their priority in date. From this judgment Davenport entered an appeal to a jury in the justice's court. On the trial of the appeal, the justice held that Davenport was entitled to open and conclude. Davenport thereupon offered his executions, which, on objection, were ruled out by the justice, on the ground that as Davenport had made an attack on the fi. fa. in favor of Puett, he must introduce Puett's fi. fa., before the fi. fas. in his favor would be relevant. Davenport refused to introduce the fi. fa. in favor of Puett; whereupon the justice, on motion of Puett, dismissed Davenport's appeal. This judgment was, on certiorari, affirmed by the superior court, and the certiorari overruled. The case comes to this court on exceptions to the judgment overruling the certiorari.

An appeal to a jury in a justice's court is a de novo investigation. Except for defects in the appeal proceedings,—such as defects in the time of entering the appeal, in the bond, etc.,—the appeal can not be dismissed. If the appellant does not appear, to prosecute his appeal, or for any legal reason fails to make out his case, the case can be dismissed, but not the appeal. *Rousch* v. *Green,* 2 *Ga. App.* 112 (58 S. E. 313). The burden was on Davenport to make out his case. All the executions claiming the fund were a part of the record; and if it appeared that the executions in favor of Puett and Fowler, or either, were prior in date to that in his favor, it was necessary for Davenport to make a successful attack upon these executions to overcome the apparent priority. This was the issue before the jury. We do not think it was necessary to formally introduce in evidence the executions, as they were already before the court as a part of the motion to distribute. But even if necessary for the appellant to do so, he could nevertheless attack their validity, for any of the reasons set out in his caveat. If he failed to sustain his attack, he failed in his case, and the verdict should have been against him. But in no event should his appeal have been dismissed because of a failure to make out his case. These errors of the justice should have been corrected on certiorari, and the case remanded and ordered reinstated and submitted to the jury. The judgment overruling the certiorari is

*Reversed.*