### 5685, 5981. HEYMAN *et al. v.* DECATUR STREET BANK.

1. The failure of the plaintiff in error to pay the costs in the lower court is not a good ground for the dismissal of the writ of error in the reviewing court. The clerk in the trial court has his remedy under section 5996 of the Civil Code. See *In re Contempt by Four Clerks,* 111 *Ga.* 89 (6), 90 (36 S. E. 237).

2. The fact that the bill of exceptions was filed before being served upon the defendant in error is not a good ground for dismissal, provided the service was in time. Civil Code, § 6179. Paragraph *g* of section 42 of the act creating the municipal court of Atlanta (Acts 1913, p. 169) does not conflict with this code section.

3. The other ground for dismissal is without merit; there being no conflict, on the face of the record, as to the date of the overruling of the motion for a new trial.

4. Where a partnership, composed of two persons residing in Fulton county, whose place of business is in the City of Atlanta, is sued, in the municipal court of Atlanta, as an indorser for value on promissory notes, and where service has been made on the partner residing in Atlanta, the court has jurisdiction of the subject-matter; and personal service by the marshal of the court, or his deputy, upon the other partner, whose legal residence is without the corporate limits of the city, is good and valid, if made in any part of the county.

5. Where promissory notes are made payable to a firm, and endorsed by the firm, and sold to a third person, and a suit is brought in a justice's court, or in the municipal court of Atlanta, against the individual members of the firm, it is not error to allow an amendment which sets forth the fact that the firm is a partnership composed of the members individually sued. Act of 1913, supra (Acts 1913, p. 164, sec. 37, par. c); *St. Cecilia's Academy* v. *Hardin*, 78 *Ga.* 39 (3 S. E. 305); *Smith* v. *Columbia Jewelry Co.*, 114 *Ga.* 698 (40 S. E. 735); *Adas Yeshurun Society* v. *Fish*, 117 *Ga.* 345 (43 S. E. 715); *Perkins* v. *Shewmake*, 119 *Ga.* 617 (46 S. E. 832).

6. After the amendment referred to in the 5th headnote above is allowed, the mere fact that the firm itself, as a firm, is not specifically made a party to the suit is immaterial, when the process, with copies of the notes sued on, served upon the individual members of the firm, clearly shows that the suit is against the firm, as well as against the individual members thereof. Under the liberal rules of pleading and practice in justice's courts, and in the municipal court of Atlanta, this was sufficient. The summons set forth a good cause of action. Civil Code, § 5572; *Southern Ry. Co.* v. *Collins*, 118 *Ga.* 414 (45 S. E. 306); *Ferry* v. *Mattox*, 2 *Ga. App.* 104 (58 S. E. 291); *Atlantic Coast Line R. Co.* v. *Lane & Autry*, 9 *Ga. App.* 525 (71 S. E. 918); *Higdon* v. *Williamson*, 10 *Ga. App.* 377 (73 S. E. 528); *Fine* v. *Southern Express Co.*, 10 *Ga. App.* 163 (73 S. E. 35); *Gillett* v. *Walter*, 74 *Ga.* 291.

7. There was no error in admitting in evidence the notes sued on, although their execution was not proved by the attesting witness, when the defendants had filed no plea of non est factum. Civil Code, §§ 4295, 4299; *Neal* v. *Gray*, 124 *Ga.* 510 (4), 511 (52 S. E. 622); *Gray* v. *Oglesby*, 9 *Ga. App.* 356 (71 S. E. 605).

8. There was no error in the order of the chief judge of the municipal court of Atlanta, vacating the trial judge's order that another copy of the summons of the suit be issued, directed to the sheriff of Fulton county, and that the same be served upon O. L. Heyman, and proper entry and return made; there being no provision of law for the issuing of a second original summons of a suit in the county in which the first original summons was issued.

9. The other assignments of error are without merit, and, not being specifically referred to in the brief of counsel for the plaintiff in error, are deemed abandoned.

10. While a writ of error on a direct bill of exceptions is pending in this court, the plaintiff in error can not bring his case here also by certiorari via the superior court; and the judge of the superior court did not err in dismissing the certiorari, it having been prematurely brought. *Archie v. State*, 99 *Ga.* 23 (25 S. E. 612); *Crosson* v. *State*, 124 *Ga.* 652 (52 S. E. 880); *Walker* v. *State*, 8 *Ga. App.* 214 (68 S. E. 873).

11. The evidence demanded the judgment, and the appellate division of the lower court did not err in overruling the motion for a new trial.

DECIDED FEBRUARY 18, 1915.

Complaint; from municipal court of Atlanta. April 6, 1914.

*Morris Macks, M. Herzberg,* for plaintiffs in error.

*L. G. Fortson,* contra.

BROYLES, J. We think it necessary to discuss only the point dealt with in the 4th headnote in regard to the service upon the non-resident partner. This was the point most strongly urged in the brief of counsel for the plaintiffs in error. Section 4675 of the Civil Code provides that "Suits against makers and indorsers, and against co-obligors or joint makers, may be located in the district where the principal debtor or one of the co-obligors or joint makers can be sued, and the other parties, who may reside in a different district from such in the same county, may be joined in the suit on the same terms such persons residing in different counties may be sued in the superior courts, but by the process used in justices' courts; and in such cases the constable of the district where the suit is located may serve such process *in any part of the county*" (italics ours). Section 4719 of the Civil Code provides that "In case where suit is brought against joint obligors or joint promisors, or other *joint debtors,* . . in all these and like cases, the constable of the district in which suit is brought may serve all processes on all the parties, and do all other legal acts required of him in the progress of such suit, *in any district of the county*" (italics ours). So it seems clear that if this suit had been brought in a justice's court (providing, of course, the amount had been within its jurisdiction), and if the service had been made on O. L. Heyman by the constable of that court, the service would have been valid if made in any district in the county. This is practically admitted in the brief of counsel for plaintiffs in error, but it is insisted that the marshal of the municipal court of Atlanta has no such authority, and that the office of constable in the city of At-

lanta was abolished when the municipal court of Atlanta was created, and that the marshal of that court did not fall heir to the rights and powers of the constable. We can not agree with the learned counsel in this view of the law, for the act creating the municipal court of Atlanta, approved August 20, 1913 (Acts 1913, p. 145), expressly and directly provided that the marshal of the court, and his lawful deputies, should have all the rights, powers, and authority possessed by a constable of a justice's court in this State. In section 24 of the act above mentioned (Acts 1913, p. 157) it is provided that "the duties, powers, rights, authority and liabilities of said marshal, and each of said deputies, shall be the same as those prescribed for constables elected or appointed, and serving in justice courts of this State." And in section 26 of the same act it is provided that "the municipal court of Atlanta shall have all the jurisdiction as to subject-matter which, at the time of the adoption of the said constitutional amendment, was exercised by the justices' courts and the justices of the peace under the constitution and laws of this State."

So, in our opinion, the service made by the deputy marshal of the municipal court of Atlanta upon O. L. Heyman, the non-resident partner, was a good and valid service, and the lower court did not err in so holding.      *Judgment affirmed.*