*Seabrook & Kennedy,* contra.

---

9639. DUBBERLY, administrator, *v.* VARNEDOE *et al.*

BLOODWORTH, J. 1. On appeal this case was properly disposed of in the superior court by the verdict. "An appeal is a de novo investigation, and should not be dismissed because of the absence of either party to the cause. The action may be dismissed for such absence and failure to prosecute the case on the part of the plaintiff, but the appeal can not be dismissed for that reason." *Rousch* v. *Green,* 2 *Ga. App.* 112 (58 S. E. 313); *Singer Mfg. Co.* v. *Walker,* 77 *Ga.* 649.

2. The court did not err in holding that the burden was on the administrator to show that his returns were correct. In his answer he admitted that he had made no return prior to the one made after he was cited for a settlement. "The failure of an executor or guardian to make returns is an omission of duty, and therefore a breach of trust, and throws on him the burden of proving to the satisfaction of the court and jury that he has discharged the duty of his trust with fidelity." *Wellborn* v. *Rogers,* 24 *Ga.* 558 (7). *King* v. *Newton,* 48 *Ga.* 150; *Dowling* v. *Feeley,* 72 *Ga.* 558 (3, 3a).

3. The return attached to the answer of the administrator was never approved by the ordinary. Indeed the ordinary found against the return,

except as to two items admitted by the petitioners to be correct. The answer contained an admission that the administrator had received in cash $525. The court did not err in directing a verdict for this amount, less $28, the amount of the items admitted to be correct. But there was no admission by the administrator and no evidence to show when the $525 was received by him. It was therefore error for the court to direct the jury to find interest from March 10, 1906. It is ordered, that if, within thirty days from the filing of the remittitur in this case in the office of the clerk of the superior court, the petitioners will write off from the verdict the amount of the interest prior to May 7, 1915, the date of the administrator's return, the judgment of the superior court stand affirmed; otherwise a new trial is ordered.

*Judgment affirmed on condition. Broyles, P. J., and Harwell, J., concur.*

DECIDED OCTOBER 22, 1918.

Appeal; from Liberty superior court—Judge Sheppard. February 19, 1918.

A petition to the ordinary, to require Davis Dubberly, as administrator of the estate of Mrs. Sarah J. Varnedoe, to make a settlement with the heirs at law, was filed by the heirs in March, 1915. In his answer, made at the May term, the administrator admitted that he had not made returns as required by law, and he attached to the answer what was designated as "annual return of Davis Dubberly, administrator of estate of Mrs. Sarah J. Varnedoe." This return shows that the administrator received $525 from the sale of land, and contains an itemized statement of "cash paid out," but none of the items are dated, and no vouchers accompany them. The petitioners filed objections to all of these items except two, amounting to $28. The ordinary "rendered his judgment thereunder finding in favor of the objections and against said inventory made by said administrator." The administrator appealed to the superior court. The judge of the superior court ruled that "the burden was upon the administrator to show that his return was true and correct," the administrator refused to offer testimony in support of his return, and the judge directed a verdict for the amount that the administrator in his return admitted he had received from the sale of land, less the two items conceded to be correct, and for interest from March 10, 1906. The administrator excepted to the rulings stated.

*J. R. Thomas,* for plaintiff in error.  *W. B. Stubbs,* contra.