## 20087. BYERS *et al. v.* BYERS.

JENKINS, P. J. 1. An appeal from the court of ordinary is a de novo investigation (Civil Code, 1910, § 5014), and should not be dismissed because of the absence of either party to the cause. "The action may be dismissed for such absence and failure to prosecute the case on the part of the plaintiff, but the appeal can not be dismissed for that reason." *Rousch* v. *Green,* 2 *Ga. App.* 112 (58 S. E. 313); *Singer Mfg. Co.* v. *Walker,* 77 *Ga.* 649; *Davenport* v. *Puett,* 4 *Ga. App.* 83 (60 S. E. 1031); *Dubberly* v. *Varnedoe,* 22 *Ga. App.* 738 (1) (97 S. E. 261). Thus, where an appeal was regular on its face, and admittedly had complied with all of the requirements of the statute, its dismissal for lack of prosecution was not authorized.

2. A judgment may be set aside, on a proper proceeding brought within three years from its rendition, for any defect not amendable which appears on the face of the record. Civil Code (1910), §§ 4358, 5957, 5958; *Artope* v. *Barker,* 74 *Ga.* 462; *Regopoulas* v. *State,* 116 *Ga.* 596 42 S. E. 1014); *Grogan* v. *Deraney,* 38 *Ga. App.* 287, 289 (143 S. E. 912). On the call of the instant case, the court having by its judgment adjudicated that there was a lack of prosecution of the appeal from the court of ordinary, and having, without legal authority, proceeded to enter up a judgment of dismissal of the appeal as a legal consequence of his adjudication as to there being a lack of prosecution, it was not error for the court subsequently to set aside that ruling on account of the defect thus appearing on the face of the record.

(*a*) This ruling is not in conflict but in harmony with the ruling of the Supreme Court in *East Tenn., Va. & Ga. Ry. Co.* v. *Greene,* 95 *Ga.* 35 (22 S. E. 36). In that case it was merely held that where there had been a final adjudication upon the merits of the plaintiff's case, resulting in a judgment of dismissal of the petition, mere errors of law in the rendition of the judgment, in the absence of legal grounds to set it aside, could not, after the expiration of the term, be corrected by a motion to reinstate. In that case there was an adjudication upon the merits of the case, by which it was adjudicated that the petition failed to set forth a cause of action, and the dismissal necessarily followed as a legal consequence. In the instant case there was no adjudication upon the merits of the case, but merely an adjudication as to the fact of no prosecution, and the judgment of dismissal did not follow as a legal consequence. It is clearly pointed out in that case, despite the ruling made in the syllabus, that there is still a class of judgments which, after the expiration of the term, remain under the control and within the discretion of the court in which they are rendered, among which latter class are included those judgments which, outside of the merits of the controversy, pertain to the rules and are rendered upon formal matters of practice in the several courts, such as judgments directing dismissals for want of prosecution, judgments of default for the want of timely pleadings, etc.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 19, 1930.

*A. B. Tollison, Carl T. Hudgins,* for plaintiffs in error.
*Morris, Hawkins & Wallace* contra.