25382, 25393.  ARNOLD, administrator, *v.* MARYLAND CASUALTY COMPANY; and *vice versa.*

MacINTYRE, J.  1. A petition brought by an administrator de bonis non against the surety on the bond of a deceased administratrix, which alleges that the estate of her intestate consisted of certain amounts in cash and other amounts in bonds and notes, that said sums were taken charge of by the deceased administratrix and were dissipated or allowed to be wasted, and that she failed to use due diligence in reducing said sums to her possession, and that such administratrix failed, after the expiration of more than a year from her appointment, to make a true inventory and return of said estate as required by law, and failed and refused to render any account of her actings and doings as such administratrix, sufficiently alleges a breach of the bond, and therefore states a cause of action against the surety, as against general demurrer. *Wellborn* v. *Rogers*, 24 *Ga.* 558 (7); *Bailey* v. *McAlpin*, 122 *Ga.* 616 (50 S. E. 388); *Dubberly* v. *Varnedoe*, 22 *Ga. App.* 738 (97 S. E. 261); *United States Fidelity Co.* v. *Davis*, 2 *Ga. App.* 525 (58 S. E. 777).

2. The court did not err in directing the verdict against the plea in abatement, in which the defendant alleged that the deceased administratrix died leaving a valid will in which she appointed a named person as executor, and that the defendant could not be "sued in the first instance until and unless it is determined that her estate is unrepresented," since it affirmatively appears from the evidence that it had been formally adjudicated that such was not her will, and that her estate was unrepresented except for a temporary administration, which fact does not prevent the bringing of the suit against the surety alone. *Irvine* v. *Wiley*, 145 *Ga.* 867 (90 S. E. 69); *Baumgartner* v. *McKinnon*, 137 *Ga.* 165 (73 S. E. 518, 38 L. R. A. (N. S.) 824).

3. For the same reasons the court did not err in striking a part of the defendant's answer.

4. In a suit by an administrator de bonis non against the surety on the bond of the deceased administratrix, wherein it is alleged that the estate of the deceased administratrix's intestate consisted of various items of personal property, and the administratrix has failed to make proper accounting therefor, etc., and wherein the surety files a general denial and later amends its answer by admitting that such administratrix did receive a certain amount of money as part of the estate of the deceased, it was error for the judge to submit to the jury the question whether

or not the deceased left any estate, and to direct them that if they found that he left no estate, they should find for the defendant. The defendant having admitted certain assets to belong to the estate, and the evidence demanding a finding to this effect, there was no issue as to this; and the court erred in submitting such question for determina-. tion by the jury. The court, erred in overruling the motion for new trial.

5. The surety on the bond of an administrator becomes bound for the acts and conduct of such administrator only from the date the bond is accepted and approved by the ordinary. Code, § 113-1217. Redfearn on Wills and Administration of Estates, 456, § 231. *Stevens* v. *First National Bank*, 173 *Ga.* 332, 336 (160 S. E. 243) ; *Ford* v. *Adams*, 43 *Ga.* 340, 344. The court therefore erred in overruling a special demurrer to an allegation which stated the effective date of the bond to be February 18, 1932, the date it was tendered, where the petition affirmatively disclosed that the bond was not accepted and approved by the ordinary until July 4, 1932.

6. No ruling is made on the general grounds of the motion for new trial. The remaining assignments of error are without merit.

*Judgment reversed on both main and cross-bill of exceptions. Guerry, J., concurs. Broyles, C. J., dissents from the judgment on the main bill of exceptions, and concurs in the judgment on the cross-bill.*

DECIDED JULY 16, 1936. REHEARING DENIED JULY 29, 1936.

*Clement E. Sutton,* for plaintiff. *Earle Norman,* for defendant.

BROYLES, C. J. In my opinion the evidence amply authorized the verdict for the defendant, and none of the special grounds of the motion for a new trial shows *harmful* error. The jury were authorized to find from the evidence that the only estate left by B. C. Arnold was a note for $10,000, and that the collections made on the note were squandered and wasted *prior* to the date of the approval of the bond sued on, and therefore that there was no liability on the bond. I concur in the judgment of reversal on the cross-bill of exceptions.

ON MOTION FOR REHEARING.

MACINTYRE, J. When B. C. Arnold died there were found in his trunk some money, some government bonds, and a $10,000 note payable to him, signed by A. H. Jrecky, O. M. Bounds, and C. J. Arnold. On February 13, 1933, Sarah F. Arnold, his widow, made application to the Maryland Casualty Company of Baltimore, to become security on her bond as administratrix of her husband's estate. In that application she certified that her husband's estate consisted of one promissory note payable to him; that there

were no liabilities of the estate, "except expenses;" that her resources, both real and personal, were "300 acres of land, $6,000.00 U. S. L. L. Bonds, and other personal property $15,000.00;" that she had no liabilities; and that she was not indorser or surety for any person. Irrespective of the amendment filed by the surety company (defendant), "that at the time of the death of B. C. Arnold his estate consisted solely of a certain promissory note executed by A. H. Jrecky et al., for the sum of $10,000.00, the said Sarah F. Arnold, as administratrix of the estate, collected from the said A. H. Jrecky on said note the sum of $7,444.84," the evidence demanded a finding that A. H. Jrecky et al. paid $7,744.84 on this note as follows: $5,000 Jan. 28, 1930; $1,000 March 1, 1930; $1,000 April 1, 1930; $504.84 September 1, 1930, and $240.00 August 20, 1930; that subsequently this money was put in registered government bonds in the name of Sarah F. Arnold, and that this money went into the hands of the widow, Sarah F. Arnold, and that she as administratrix did not legally account for all of this sum. So, irrespective of whether or not there was other property that belonged to the estate of B. C. Arnold, the plaintiff, C. S. Arnold, as administrator de bonis non of said estate, was entitled to have from Mrs. Sarah F. Arnold, the previous administratrix, at least the part of the $7,744.84 which was paid on said note and received by her and not legally accounted for. And if the administratrix, Sarah F. Arnold, was solvent at the time her bond, the bond sued on, became effective, or at any time during its currency, and she failed to collect from herself amounts for which she was personally liable to the estate, she committed a breach of the bond, for which she and her sureties are answerable without any retrospective construction of the obligation of the bond; for after the bond became effective it was just as much her duty not to neglect to collect a solvent debt from herself as it was not to neglect to collect a solvent debt from a third person. And this is true even though her debt arose by reason of the fact that she had converted the property of the estate to her own use before the time the bond became effective. *Fidelity & Deposit Co.* v. *Norwood*, 38 *Ga. App.* 534, 544 (144 S. E. 387).

*Rehearing denied. Guerry, J., concurs. Broyles, C. J., dissents.*