29640. RABUN *v.* PLANTERS COTTON OIL COMPANY.

DECIDED SEPTEMBER 24, 1942.

*Stevens & Stevens,* for plaintiff in error.

FELTON, J. Planters Cotton Oil Company Inc. brought suit in a justice's court against B. F. Rabun. The summons was demurred to and amended. To the summons as amended there was another demurrer. A judgment was rendered for the plaintiff and the defendant appealed to the superior court. On hearing the demurrers the judge of the superior court overruled them and ordered the case to trial. Counsel for the defendant stated to the court that he could not go to trial on the pleadings in their amended form. The judge then passed the following order: "The above-stated case being formally called for trial at this term of court, and it appearing to the court that appellant, B. F. Rabun, the defendant above named, and his counsel, voluntarily and in open court have abandoned said appeal, therefore it is considered, ordered and adjudged that said appeal be and the same is hereby dismissed." The exception here is to the orders overruling the demurrers and dismissing the appeal.

The court erred in dismissing the appeal. Code § 6-501 provides that an appeal to the superior court is a de novo investigation, bringing up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether introduced on a former trial or not, and that either party is entitled to be heard on the whole merits of the case. Thus, where the appeal has been entered, the appellant is entitled to be heard on the merits of the case, and even though he states that he can

not proceed to trial the appeal can not be dismissed; because, being a de novo investigation, the appellee must make out his case in order to prevail. In *Singer Manufacturing Co.* v. *Walker,* 77 *Ga.* 649, it was held that absence of the appellant is no ground for dismissal of the appeal. See *Griffin Marble Works* v. *Padgett,* 77 *Ga.* 497, to the same effect. The only provision for the dismissal of an appeal to the superior court, except for defects in the appeal proceedings, is found in Code § 6-503, which provides that no person shall be allowed to withdraw an appeal after it shall be entered but by the consent of the adverse party. For an able discussion by Judge Russell on dismissing appeals see *Rousch* v. *Green,* 2 *Ga. App.* 112 (58 S. E. 313).

It does not appear that there was consent by the adverse party to the dismissal of the appeal. The court erred in dismissing it. Direction is given that the plaintiff in error be allowed to file his exceptions to the overruling of his demurrers as exceptions pendente lite.

*Judgment reversed with direction. Stephens, P. J., and Sutton, J., concur.*