30175.   ELLIS, administrator, *v.* McWILLIAMS.

DECIDED NOVEMBER 23, 1943.

*O. C. Hancock, John H. Hudson,* for plaintiff.

*Heyman, Howell & Heyman, W. E. Armistead,* for defendant.

GARDNER, J. This proceeding originated in the court of ordinary, wherein S. C. McWilliams, removed administrator, was cited to an accounting and settlement with Frampton E. Ellis, administrator de bonis non. In such a proceeding a citation is all the pleading necessary. In this connection see *Brantley* v. *Greer,* 71 *Ga.* 11 (2), wherein the Supreme Court said: "Where a proceeding originates in the court of ordinary, and calls upon executors and administrators to account, a citation is all the pleading that is necessary." See also Redfearn on Wills and Administration of Estates, 593, § 327, footnote 68. However, "It is proper to make a written application to the ordinary for the issuance of such citation, in which application should be set forth the reasons why an accounting and settlement are asked." Id. Footnote 69. It therefore follows that the voluminous response to the citation, consisting of approximately 75 pages, and containing numerous allegations, as well as the lengthy caveat of the administrator de bonis non alleging objections to the allegations of the response, were not required, if indeed permissible, or germane, under such a proceeding as we have before us. To say the least concerning them, they must not be permitted to becloud the real issue, or to confuse the jury concerning the design of the statute requiring an accounting and settlement from the administrator. When such are filed, they may be considered as admissions, if any, against the party making the allegations. When one qualifies as an administrator he under-

takes, under oath, to discharge his trust with fidelity. If he has done so, the proof thereof should not be difficult. Let us look into the law concerning the issues before us. The Code, § 113-2204, in part provides: "Whenever any executor or administrator shall have been removed . . it shall be the duty of such removed executor or administrator . . to account fully with the administrator de bonis non who may be appointed to finish the administration of such estate." And § 113-2207 provides in part for the basis for such an accounting, and must be considered in the light of other sections of the Code concerning the duties of administrators and the penalties for failure to perform such duties. The object of the proceeding is to require of the administrator a full accounting concerning the discharge of his trust in a detailed statement of his actings and doings, and a settlement with his successor; and the paying of any portion of the estate which by evidence may be found to be due by the former administrator to his successor.

■ Having thus determined the status of the parties by the required pleadings, let us now inquire into the law concerning the procedure and the burden of proof. (a) It is provided in the Code, § 113-1401, that immediately upon the qualification of an administrator, the ordinary shall issue a warrant of appraisement. The next section requires the administrator to make a just and true inventory of the property of the deceased and exhibit the same, if possible, to the appraisers. When the inventory and appraisement are returned to the ordinary, the administrator is required to swear that such inventory contains "a true statement of all the goods and chattels, rights and credits of the deceased, within his hands, possession, or knowledge." It appears from the record that the procedure touching the making of the inventory and the appraisement, and the return thereof to the ordinary, properly sworn to by the administrator, accorded with statutory requirements, and that the inventory and appraisement were properly filed and recorded in the office of the ordinary. This having been shown, while it is not conclusive as to the property belonging to the estate, yet it is prima facie proof as to the property owned by the deceased at the time of his death, and an estimate of the value thereof. If not a true inventory and appraisal, the burden is upon the removed administrator to prove that it is not correct, and to account to the ordinary for the items which he listed and submitted to the appraisers,

and which he verified as correct. In *Wood* v. *Brown*, 121 *Ga.* 471, 474 (49 S. E. 295), the principle is stated as follows: "The inventory required by law to be made and returned by an administrator·is an admission, though not a conclusive one, of possession of such assets of his intestate as are therein described. *Smith* v. *Griffin*, 32 *Ga.* 101; *Thompson* v. *Thompson*, 77 *Ga.* 699 [3 S. E. 261]. The administrator may explain any mistake or error in the inventory, or may show that his intestate had no title to the property inventoried. His inventory of assets as belonging to his intestate puts the burden on him to show its incorrectness." Compare *Smith* v. *Smith*, 115 *Ga.* 692 (2) (42 S. E. 72).

The Code, § 113-1409, requires the administrator to make annual returns. The law requires of ·him, in his annual returns, that he "shall make a true and just account, upon oath, of his receipts and expenditures in behalf of the estate during the preceding year, together with a note or memorandum of any other fact necessary to the exhibition of the true condition of such estate." This section provides that the returns shall be accompanied by vouchers and receipts. And § 113-1411 provides that if the annual returns are found correct by the ordinary, they shall be allowed and recorded, and they then become prima facie evidence of their correctness, in favor of the administrator. It necessarily follows, as has been many times held, that annual returns which do not substantially comply with the provisions of the law relative to making annual returns are not prima facie proof in favor of the administrator. If they are allowed by the ordinary and recorded, under the terms of the statute, anyone challenging their correctness must carry the burden of proving their incorrectness. *Crawford* v. *Clark*, 110 *Ga.* 729 (3) (36 S. E. 404); *Peavy* v. *Clemons*, 10 *Ga. App.* 507 (73 S. E. 756). But where the returns are not allowed by the ordinary, the burden is upon the administrator to prove their correctness, in a proceeding in the court of ordinary for an accounting and settlement. In an early decision of our Supreme Court, it was held: "The failure of an executor or guardian to make returns is an omission of duty, and therefore a breach of trust, and throws on him the burden of proving to the satisfaction of the court and jury that he has discharged the duty of his trust with fidelity." *Wellborn* v. *Rogers*, 24 *Ga.* 558 (7). To the same effect see *King* v. *Newton*, 48 *Ga.* 150. See, also, *Dowling* v.

*Feeley,* 72 *Ga.* 557 (3), and the elaboration thereof in division 3 of the opinion. See, also, *Dubberly* v. *Varnedoe,* 22 *Ga. App.* 738 (2) (97 S. E. 261); *Quillian* v. *Tuck,* 66 *Ga. App.* 472 (17 S. E. 2d, 921). It appears from the record of this case that there were purported annual returns for the years 1934, 1935, and 1936. It does not appear that they were sworn to, or filed, or allowed, or recorded. Therefore, under the record in the instant case, in this proceeding for accounting by the administrator de bonis non against the former administrator, the burden of proving the correctness of such receipts and expenditures rests on the former administrator.

To the response to the citation, the former administrator attached certain purported returns for the years 1937 to 1941, inclusive. He admitted that since 1936 no attempt was made to make annual returns as required by law. The failure to make proper returns for the allowance and approval of the ordinary was a breach of trust on the part of the former administrator, and the burden rested upon him throughout the trial to make a full and fair accounting, supported by proof, for such years as no annual returns were made and approved. This burden, under the record in this case, applies for all the years since his appointment as administrator, in that there is, according to the record, no approved return for any year. He must account on a basis of the inventory and appraisement, which is prima facie correct. According to the alleged returns for the years 1934, 1935, and 1936, he received in cash and from the sale of certain property, rents, etc., upwards of $3000, and at the end of that time the estate was indebted to him $28.66. His allegations show, for the succeeding years, 1937 to 1941, inclusive, purported receipts of $3670.75, and expenditures of $3003.25, leaving a balance of $667.50 cash, and personalty,— jewelry appraised at $150, plus a note for $376.50, making a total of $1194, which he paid into the registry of the superior court, impressed with an unpaid attorney's fee of $1000. This, according to unproved allegations, leaves the estate, appraised at $18,496, with practically no balance to distribute. All the assets, including rental income, were consumed in alleged expenses of administration, taxes, and upkeep. In a proceeding of this kind the law requires the administrator to submit satisfactory proof to the jury. Those who are entitled to this estate have a right to know why so

much was spent with no benefit to the estate. There was no evidence to sustain most of the numerous expenditures, as we set forth in the beginning of this opinion. There are certain items of property in the inventory and appraisement, for which there is no attempt to account, even in the response to the citation. There are commissions charged in the face of admissions that no returns were made, as required by law. The jury in their verdict allowed these expenditures to the removed administrator without any evidence at all to sustain them. This they had no lawful right to do. They found that he had not made proper returns, yet in the face of this they gave him credit, without proof, of numerous items of expenditures which consumed the estate, with the exception, perhaps, of a few hundred dollars. The submission of any subsequent unproved statements by the removed administrator would not be sufficient compliance with the law governing the accounting and settlement of a removed administrator; and he could not relieve himself of his trust by filing an unsupported statement subsequently to the unauthorized verdict and judgment thereon. Nor did the depositing into the registry of the court, after the erroneous verdict and judgment, of an arbitrary amount of assets further aid him.

As to the attorneys' fees of $1000, we do not say that when all the facts are properly before the jury, the amount is excessive; but in view of other alleged payments of attorneys' fees, we do think that the jury should know more in detail the occasion for the services, the particular services rendered in each particular case, the occasion for advice, and the inuring benefit of such services to the estate. We are therefore constrained to hold that the judgment should be reversed in its entirety, and the removed administrator required to account in the manner provided by law in such cases.

Since the amended grounds in the motion for a new trial are in the main but an elaboration of the general grounds, we reverse the case on the general grounds, and find no merit in the special grounds, other than as they relate to the general grounds. The court erred, for the reasons above set forth, in refusing to grant a new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*