30853. BETHEA, administrator, v. DIXON *et al.*

DECIDED APRIL 16, 1945.

*William T. Revell*, for plaintiff. *Gordon Lanier*, for defendant.

SUTTON, P. J. R. L. Bethea as county administrator for Jefferson County, Georgia, filed in the court of ordinary of that county an application for the appointment of a permanent administrator for the estate of Summerfield Tucker Dixon, deceased, alleging that the deceased was a resident of Jefferson County at the time of his death and that he left an estate of real and personal property worth about $2000; that he died intestate; that his estate was unrepresented; and "that the said estate is not likely to be represented unless permanent letters of administration thereon are issued in pursuance of this petition." He prayed for the usual citation, which was issued and published as required by law. Hubert Dixon, A. D. Dixon, Mrs. W. E. Smith, Mrs. L. R. Pafford, and Mrs. L. H. Walden, as the sole heirs at law of Summerfield Tucker Dixon, filed a caveat in which they objected to the appointment of an administrator for the estate of the said deceased. The case was tried in the court of ordinary and the ordinary rendered a judgment sustaining the caveat and refusing to appoint an administrator, on the ground that the applicant had failed to show that the deceased owned any property at the time of his death. The applicant appealed the case to the superior court, and when it came on for trial there the caveators made a written motion to dismiss the appeal, not for any defect in the appeal proceedings, but for several other reasons, the substance of which was to the effect that the county administrator in seeking to administer on the S. T. Dixon estate was doing so at the instance of W. T. Rawleigh Company, whose debt had been discharged in the United States bankruptcy court, and no appeal was pending to said discharge; that the creditors of S. T. Dixon were represented in the bankruptcy court by a duly appointed trustee in the bankruptcy proceeding, he being the only person who can and does represent the creditors; and that since the complaining creditor, W. T. Rawleigh Company, is barred by discharge in bankruptcy, any estate of S. T. Dixon not impounded by the trustee in bankruptcy, belongs to the heirs at law of S. T. Dixon and it is their privilege not to have an administration, if they so desire. The court sustained the motion and dismissed the appeal, and the applicant excepted to that judgment.

■ The motion of the defendant in error to dismiss the writ of error for failure of the plaintiff in error to pay all of the costs for sending up the transcript of the record from the trial court can not be sustained. "The failure of the plaintiff in error to pay the costs in the lower court is not a good ground for the dismissal of the writ of error in the reviewing court." *Heyman* v. *Decatur Street Bank*, 16 *Ga. App.* 14 (84 S. E. 483). Also, see *Brewer* v. *Brewer*, 6 *Ga.* 587; *In the matter of Contempt by Four Clerks*, 111 *Ga.* 89 (6) (36 S. E. 237). The clerk is entitled to a judgment for the amount of the costs for sending up the transcript of the record to the appellate court, under the provisions of the Code, § 24-2729, except in cases where affidavit of inability to pay cost is filed.

■ An appeal will lie to the superior court from a decision of the court of ordinary refusing the appointment of a permanent administrator (Code, § 6-201); and § 6-501, provides: "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case." § 6-503 is as follows: "No person shall be allowed to withdraw an appeal after it shall be entered, but by the consent of the adverse party." It was error to dismiss the appeal. The motion was not predicated on any defect in the appeal proceedings, but a dismissal was sought for reasons not appearing on the face of the appeal, or even in the application for administration. Whether the facts alleged in the motion to dismiss the appeal are sufficient to defeat the application for administration is not now up for decision. The appeal proceeding was a de novo investigation and the applicant was entitled to be heard on the merits of his case. For cases in point and controlling on the question here involved, see *Rousch* v. *Green*, 2 *Ga. App.* 112 (58 S. E. 313); *Davenport* v. *Puett*, 4 *Ga. App.* 83 (60 S. E. 1031); *Rabun* v. *Planters Cotton Oil Co.*, 68 *Ga. App.* 37 (21 S. E. 2d, 922); *Singer Mfg. Co.* v. *Walker*, 77 *Ga.* 649.

*Judgment reversed. Felton and Parker, JJ., concur.*