31674. ELDERS, administrator, *et al. v.* STRIPLING *et al.*

DECIDED SEPTEMBER 10, 1947.

*H. H. Elders,* for plaintiffs in error.

*M. W. Eason, W. Glenn Thomas, J. H. Highsmith,* contra.

GARDNER, J. It appears from the evidence that the administrator made no inventory of the estate and filed no proper returns during the approximately 20 years the assets of the estate were in his hands. He attempted to charge 2½ percent commission for receiving and 2½ percent for paying out funds which came into his hands, and he attempted to charge extra for expenses for trips which he claims to have made in connection with the estate. In addition to the $300.23 which he admitted in his answer that he then held, he admitted that he had deducted an additional $100 for a tombstone which had never been purchased. In his statement to the court and jury he offered to pay this $400.23. Without going into detail as to the evidence, the jury were authorized to find for the plaintiffs in the amount of their verdict, if in-

deed not more. Under such a situation as here presented, the burden was on the administrator to prove that he had administered the estate correctly, where there were no annual returns as required by law, and if returns, they were not as the law requires and not allowed by the ordinary. In this connection, see *Ellis* v. *McWilliams*, 70 *Ga. App.* 195 (27 S. E. 2d, 886). See also the Code, § 113-2006, as to forfeiture of commissions; § 113-2007, as to traveling and other expenses; and § 113-2008, regarding extra compensation for other extraordinary services.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*