FAGAN *vs.* McTIER.

81    73
f112  918
81    73
126   195

1. Where a plaintiff instituted his suit in the county court, and the judgment in that court was for defendant, and the plaintiff appealed to the superior court, and when called there the case was dismissed on the plaintiff's motion, and the plaintiff afterwards brought the same action in the superior court, a plea by defendant of a former recovery was not a good plea to the second action.

(*a*) There is a difference between dismissing a case on appeal and dismissing the appeal. When the case on appeal is dismissed, the whole case goes out. When the appeal is dismissed, it is an affirmance of the judgment in the court below, " and the rights of all the parties are the same as if no appeal had been entered."

April 27, 1888.

Appeal. Dismissal. Renewal of suit. Before Judge HINES. Jefferson superior court. November adjourned term, 1887.

McTier sued Fagan in an action for damages for a breach of contract. The defendant filed several pleas, among them a plea of former adjudication, which is the only one necessary to refer to; and this was submitted to the court upon the following agreed statement of facts: McTier brought an action against Fagan upon

the same subject-matter, and in distinctly the same language as in the writ now pending, to the April quarterly term, 1885, of the county court, which had jurisdiction of the person and subject-matter, and at the October quarterly term thereafter the following judgment was rendered:

"Judgment is hereby rendered for the defendant. October 12, 1885.
"A. G. KING, Judge C. C., J. C."

The plaintiff then appealed the case to the November term of the superior court, and at the trial the following judgment was rendered:

"It is, on motion of plaintiff's counsel, ordered that said case be dismissed at plaintiff's cost.    November 12, 1885.
"R. W. CARSWELL, judge superior court, Middle circuit."

After hearing argument on the plea and on the agreed statement of facts, the court ordered the plea to be stricken; to which ruling the defendant excepted. It appears from the record that there was a verdict and final judgment of the court in this case, but the above is the only exception taken.

GAMBLE & HUNTER, for plaintiff in error.

W. L. PHILLIPS, contra.

SIMMONS, Justice.

The only complaint made by the bill of exceptions is, that the court erred in striking the plea of the defendant in the court below of a former recovery. The court below held that, where a plaintiff instituted his suit in the county court, and the judgment in that court was for the defendant, and the plaintiff appealed to the superior court, and the case when called in the superior court was dismissed on the plaintiff's motion, and the plaintiff afterwards brought the same action in the superior court, a plea by the defendant of a former recovery was not a

good plea to the second action.  We think this ruling of the court below was right.  When the plaintiff lost his case in the county court and entered an appeal from the judgment of that court to the superior court, the whole case was transferred from the county court to the superior court.  Code, §3627.  It was the same in effect as if it had been commenced originally in the superior court.  The case was then pending in the superior court. The code, §3447, declares that " the plaintiff in any action in any court may dismiss his action either in vacation or in term time."   The whole case having been transferred from the county court to the superior court, under this section of the code, the plaintiff had a right to dismiss it at any time, either in  term time or vacation. When it was dismissed on his motion by order of the court, the whole case went out of court; and section 3446 of the code gives him the right to recommence his suit on the payment of costs.  In our opinion, therefore, a defence to the second action, setting up the judgment for the defendant in the county court in the former action, was not a good defence to the second action.

There is a difference between dismissing a case on appeal and dismissing the appeal.  When the case is dismissed, the whole case goes out.  When the appeal is dismissed, it is an affirmance of the judgment in the court below, " and  the  rights of all the parties are the same as if no appeal had been entered."   Code, §3628. The code, as above cited, giving the plaintiff the right to dismiss his action at any time, and giving him the right to commence on payment of the costs when it has been dismissed or discontinued, we think it follows that the defendant cannot plead a judgment in  the  former case, which had been dismissed by the plaintiff on appeal, to a second suit brought by the plaintiff against the same defendant for the same cause of action.

Judgment affirmed.