## JOHNSON v. FORD.

1. After the superior court has dismissed an appeal from the county court for want of jurisdiction, no judgment in the superior court can be entered up by the respondent's attorney against the appellant and his surety on the appeal bond, but the case reverts to the county court, and the judgment in that court appealed from is then a final judgment in the case.

2. Where by the minutes of the court it appears that an appeal was dismissed for the want of jurisdiction, on a given day, and, by the original papers in the case, that the judgment entered by counsel against the appellant and his surety was entered up on the same day, the presumption is (this judgment or any note of it not appearing on the minutes, and no verdict of a jury being entered or produced), that the judgment was the act of counsel alone, and not the act of the court.

3. The court erred in allowing any entry *nunc pro tunc* of judgment, and in overruling the affidavit of illegality.

January 8, 1894.

Affidavit of illegality. Before Judge BARTLETT. Bibb superior court. April term, 1893.

H. F. STROHECKER, for plaintiff in error.

A. PROUDFIT, by W. DESSAU, *contra*.

SIMMONS, Justice.

Ford obtained a judgment against Johnson in the county court, and Johnson appealed to the superior court. When the case was called in the superior court the appeal was dismissed for want of jurisdiction, the amount claimed in the suit not being over fifty dollars. An execution from the superior court which stated that it was issued from a judgment rendered in that court on November 17th, 1883 (the date of the judgment in the county court), in favor of Ford against Johnson for fifty dollars (the amount of the judgment in the county court), with interest and costs, was levied upon property of Johnson, and he filed an affidavit of illegality.

When the case came on to be heard, counsel for the plaintiff made a motion to enter upon the minutes of the superior court *nunc pro tunc*, as the judgment of that court, what purported to be a judgment rendered by it in favor of Ford against Johnson and the security on his bond in the appeal case on December 1st, 1884 (the date on which the appeal was dismissed), such judgment not appearing on the minutes but appearing on the original papers in the case, and being signed by counsel for the plaintiff, though not by the court. Counsel also moved that the execution be made to conform to the date of this judgment. These motions were granted, over the objection of the defendant, and the affidavit of illegality was dismissed; and to these rulings the defendant excepted.

1. Where there has been an appeal from the county court to the superior court and the appeal has been dismissed by the latter, no judgment can be entered up in the superior court against the appellant and his security for the amount recovered in the county court. The only judgment that can then be entered in the superior court is for the cost of the appeal. The appeal does not vacate the judgment of the lower court, but only suspends it,

and when the appeal is dismissed, the parties are remitted to the condition and rights which they occupied and held at the time the appeal was entered, and the judgment appealed from is a final judgment in the case. Code, §3628.

2. The record showed no verdict of a jury, and under the code, a jury is required on the trial of appeals from the county court to the superior court. (§§286, 3630, 3631.) The minutes showed that the case was dismissed, as before stated, for want of jurisdiction, and no record or note of the judgment in question appeared except on the original papers, where it was signed only by counsel for the plaintiff. The presumption therefore was that the judgment was the act of counsel only, and not the act of the court. Under the facts stated, the judgment was a nullity, and the court erred in allowing it to be entered on the minutes *nunc pro tunc*, and in overruling the affidavit of illegality.　　　　*Judgment reversed.*