### 44381. HODGES v. LIBBEY.

JORDAN, Presiding Judge. This is an appeal from a judgment of the Superior Court of Walton County affirming a judgment of the Court of Ordinary of Walton County refusing to appoint Gerald T. Hodges as administrator of the estate of Miss Leila Floyd on the ground that such action is barred by an unvacated and unreversed judgment of November 7, 1955, allowing the probate of her will in common form. · Related litigation involving probate in solemn form is reported in *Hawkins v. Hodges,* 213 Ga. 837 (102 SE2d 16). Related litigation involving the validity of deeds is reported in *Hodges v. Libbey,* 224 Ga. 509 (162 SE2d 716). *Held:*

1. There is no valid judgment in effect probating the will in solemn form. The appeal to the superior court transferred the entire case to that court for de novo investigation. *Code* § 6-501. The judgment of the Supreme Court reversing the judgment of the superior court invalidating the will left the matter pending for a new trial in the superior court. *Hawkins v. Hodges,* supra. No action having been taken in that court for five years, i.e., since October 30, 1959, the case stood automatically dismissed by operation of law. Ga. L. 1953, Nov. Sess., pp. 342, 343 (*Code Ann.* § 3-512). This status was properly recognized by the trial court in its order of January 20, 1969. While the *appeal* to the Supreme Court only suspended and did not vacate the judgment allowing probate in solemn form, so that the judgment could again become effective in the event of dismissal of the appeal, the dismissal of the *case* vitiated the entire proceeding, leaving the parties in the same status as if no action was ever commenced to pro-

bate in solemn form. See *Code* § 6-502; *Fagan v. McTier,* 81 Ga. 73 (6 SE 177); *Johnson v. Ford,* 92 Ga. 751 (19 SE 712).

2. There being no minor heirs at law, the probate in common form, unvacated and unreversed after the expiration of seven years, is conclusive upon all parties at interest. *Code* § 113-605.

3. The fact that the nominated executor died intestate without completing his responsibilities and the fact that an appointed administrator de bonis non cum testamento annexo has failed to qualify afford no basis for the appointment of another administrator, except an administrator cum testamento annexo or de bonis non cum testamento annexo, as an essential sequel to the conclusive probate in common form.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED APRIL 8, 1969—DECIDED SEPTEMBER 3, 1969.

*O. J. Tolnas,* for appellant.

*Davis & Stringer, Thomas O. Davis, Heyman & Sizemore, Neal H. Ray, W. Dan Greer,* for appellee.