## A96A0043. SCOTT v. AARON.
### (471 SE2d 55)

McMURRAY, Presiding Judge.

Plaintiff Aaron filed this action in the magistrate court alleging that defendant Scott was indebted to him due to damage to a truck. Defendant answered and filed a counterclaim. After a trial before the magistrate, a judgment in favor of plaintiff was entered.

Defendant appealed to the state court where on April 5, 1995, an order was entered which stated in part: "This civil action being called in its regular order, and there being no response by the plaintiff or defendant, the same is hereby dismissed for want of prosecution. -Appeal . . ." The word "appeal" and the preceding hyphen appear to have been handwritten while the remainder of the language of the order apparently originated from a rubber stamp. The order charged costs on the plaintiff.

On July 11, 1995, an order was entered which stated that the earlier order was a dismissal of only the appeal, and maintained that the dismissal of the appeal returned the case to the magistrate court in the same posture it had been prior to the appeal to the state court.

Defendant's application for discretionary appeal was granted in order that we might consider several allegations of error with respect to the order entered July 11, 1995. In this case, the merits of defendant's enumerations of error are closely interwoven with issues concerning our own jurisdiction. *Held*:

First, we must note the posture of the case in the state court. An appeal from the magistrate court to the state court is a de novo appeal. OCGA § 15-10-41 (b) (1). Upon a de novo appeal, the state court is to " 'try the issue anew and pass original judgments on the questions involved as if there had been no previous trial.' [Cit.]" *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800). Once a de novo appeal from a magistrate court in proper form is taken to a

state or superior court, there is no statutory provision for the remand of the case or for reinstatement of the judgment of the magistrate court. Thus, "the appeal itself may not be dismissed simply because of the absence of one of the parties to the cause. [Cits.]" *Thomas v. Bartlett*, 142 Ga. App. 694 (237 SE2d 7).

Turning now to the construction of the April 5, 1995, order, we note that in the absence of the handwritten word "appeal" at the end of the order, there could be no doubt that the order was a dismissal of the entire action pending in the state court. If the addition of the handwritten word creates any ambiguity, by suggesting that only a dismissal of the appeal was intended, it must be resolved in favor of the construction which will render the judgment legal rather than illegal. *Clark v. Bd. of Dental Examiners &c.*, 240 Ga. 289, 294 (5) (240 SE2d 250).

Thus, we construe the order of April 5, 1995, as being a dismissal of the action pending in the state court rather than of the de novo appeal of defendant. Therefore, the order of July 11, 1995, represents an attempt to change the judgment rather than a simple clarification of an earlier final judgment, and is an appealable final judgment.

The final judgment entered July 11, 1995, is error for at least two reasons. First, as earlier noted, the absence of the parties provided no basis for dismissal of the de novo appeal from the magistrate court. *Thomas v. Bartlett*, 142 Ga. App. 694, supra. Also, since the April 5, 1995, order was a final judgment in the case and was entered in a term of court which had ended prior to the entry of the later final judgment on July 11, 1995, the state court lacked jurisdiction in the subsequent term to change the judgment. *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489).

Thus, the present circumstances of the case sub judice are governed by the order entered April 5, 1995, dismissing the action for want of prosecution. Since defendant has acknowledged that this dismissal was without prejudice, there are no further issues remaining for our decision. See also *Singer Mfg. Co. v. Walker & Co.*, 77 Ga. 649, 650 (1).

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 3, 1996.

*Allen W. Bodiford, Martin C. Jones*, for appellant.
Howard T. Aaron, *pro se.*