A05A0780. GREAT LAKE ENTERPRISES, INC. v. AJK GROUP, INC.

(612 SE2d 606)

BLACKBURN, Presiding Judge.

In this dispossessory action, Great Lake Enterprises, Inc. appeals the trial court's grant of a writ of possession in favor of AJK Group, Inc. Because Great Lake failed to file a transcript of the bench trial, we affirm.

AJK as lessor instituted dispossessory proceedings against Great Lake, claiming that because Great Lake had violated the terms of the lease by allowing its customers to park in unauthorized parking spaces, AJK had properly terminated the lease. Great Lake defended on the ground that AJK had waived this provision of the lease when it allowed Great Lake to renew the lease without raising the issue. AJK countered that it had not waived this provision but instead had repeatedly insisted on strict compliance before, during, and after the renewal process.

Following a bench trial, the court issued a writ of possession in favor of AJK, finding that the evidence did not support waiver. Based on the evidence, the court found that AJK had taken reasonable steps to enforce the parking restriction and had repeatedly notified Great Lake of the need for compliance and of AJK's objection to noncompliance. When Great Lake moved for reconsideration, the court denied the motion, reiterating its view that "this landlord, based on the evidence that was presented, did not knowingly and intelligently waive any provision of this contract." The court recalled evidence from the trial that during the renewal process, Great Lake had repeatedly assured AJK that Great Lake would comply and that AJK had every reason to believe Great Lake.

Great Lake appeals, claiming that "[t]he Landlord did not offer any evidence that the parking issue was discussed with the Tenant prior to renewal" and that therefore AJK's renewal of the lease waived this provision. Great Lake also claims that no evidence showed that AJK's default notice was properly sent. Each of these issues would require us to review the evidence submitted at trial.

[Great Lake], however, failed to file a transcript of the proceedings and apparently did not attempt to reconstruct the transcript as allowed by OCGA § 5-6-41 (g) and (i). When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant, [Great Lake] had the burden to affirmatively show error by the record. This [it] failed to do. Therefore, we must presume the trial court's judgment granting [AJK] a writ of possession is correct.

*Seay v. Gables Residential Svcs.*[1] See *Harden v. Young*[2] (affirming writ of possession where transcript was absent from appellate record). Great Lake's inclusion of the trial exhibits only is insufficient. Accordingly, we must affirm.
    *Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 23, 2005.

*Shannon D. McNeal*, for appellant.
    *Nelson, Mullins, Riley & Scarborough, Gregory M. Taube*, for appellee.

---

[1] *Seay v. Gables Residential Svcs.*, 263 Ga. App. 495, 496 (588 SE2d 264) (2003).
[2] *Harden v. Young*, 268 Ga. App. 619, 620 (606 SE2d 6) (2004).