## A05A1411. ROBINSON v. PROFESSIONAL TRUCK TOWING, INC.
### (615 SE2d 795)

BLACKBURN, Presiding Judge.

Following a bench trial, plaintiff Willie Robinson appeals the state court's ruling in favor of defendant Professional Truck Towing, Inc. ("PTT"). Because Robinson's enumerations of error require the review of the trial transcript, which was not included in the record on appeal, we affirm.

Robinson sued PTT in magistrate court for illegally converting his automobile, which PTT had towed and then later sold on grounds that Robinson failed to pay storage charges. The magistrate court awarded Robinson $475, which award PTT appealed to the state court. Following a de novo bench trial, the state court entered judgment in favor of PTT. See OCGA § 15-10-41 (b) (1) (appeals from magistrate court to state court are de novo appeals). See also *Howe v. Roberts*[1] ("[a]n appeal from a decision of a magistrate court is a de novo investigation, in which the magistrate court's judgment has no bearing on the merits of the main claim") (citations and punctuation omitted).

Following the discretionary appeal procedure, Robinson appealed the state court's judgment to this Court. However, in his notice of appeal, he did not designate the transcript of the state court trial or its substitute to be included in the record on appeal, and neither was included in the appellate record. Apparently, the proceedings were not recorded.

Robinson's enumerations all claim that the evidence adduced at the state court bench trial do not support the state court's judgment. He contends that the evidence showed that (a) PTT had not acquired a proper lien on the vehicle, (b) Robinson had not abandoned his

---

[1] *Howe v. Roberts*, 259 Ga. 617, 619 (2) (385 SE2d 276) (1989).

vehicle, (c) a letter allegedly submitted by PTT was illegally admitted, and (d) the magistrate court's judgment was correct.

All of these enumerations would require a review of the state court trial transcript, but Robinson has not provided this Court with a transcript of the proceedings or an acceptable substitute.

> He had the burden of showing harmful error, and he was required to show this by the record on appeal, not by assertions appearing only in his brief or enumeration of error[s]. Therefore, in the absence of a transcript, we must assume the trial court's findings were supported by the evidence and the trial court's actions during the trial were appropriate. Further, a presumption of regularity of all proceedings in a court of competent jurisdiction exists, and as the record provides no support for [Robinson's] claim[s] of error, we must affirm the trial court's ruling on [these issues].

(Citations omitted.) *Cody v. Wanton.*[2] "[I]nclusion of the trial exhibits only is insufficient." *Great Lake Enterprises v. AJK Group.*[3] Accordingly, we must affirm.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JUNE 15, 2005.

*Parker, Hudson, Rainer & Dobbs, William J. Holley II*, for appellant.

*Antonio L. Thomas*, for appellee.

---

[2] *Cody v. Wanton*, 265 Ga. App. 174 (593 SE2d 371) (2004).

[3] *Great Lake Enterprises v. AJK Group*, 272 Ga. App. 439, 440 (612 SE2d 606) (2005).