## A08A0843. GREENWOOD HOMES, INC. v. LONG.
(666 SE2d 450)

RUFFIN, Presiding Judge.

Larue Long sued Greenwood Homes, Inc. for damages incurred when a pipe burst in her house, which had been built by Greenwood Homes. Greenwood Homes appeals the trial court's denial of its motion for summary judgment, and, for reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] When a question of law is at issue, we apply the plain legal error standard of review and do not defer to the trial

---

[18] *Spradlin v. State*, 262 Ga. App. 897, 903 (3) (587 SE2d 155) (2003).
[1] See OCGA § 9-11-56 (c).

court's ruling.[2] The relevant facts here are not disputed. In December 2003, Long brought an action against Greenwood Homes in DeKalb County Magistrate Court, alleging that the home she purchased from Greenwood Homes was defective because a pipe had burst. In February 2004, the magistrate court found in favor of Greenwood Homes. Long appealed the magistrate court judgment to the DeKalb County Superior Court on February 23, 2004. In August 2006, Long dismissed her appeal, purportedly under OCGA § 9-11-41. On November 20, 2006, Long brought an action against Greenwood Homes in DeKalb County State Court, alleging breach of warranty and negligent construction arising out of the same facts alleged in magistrate court. Greenwood Homes moved for summary judgment, arguing that once Long dismissed her appeal, the magistrate court judgment became final under OCGA § 5-3-7, and Long cannot now avail herself of the renewal statute. The trial court denied Greenwood Homes's motion for summary judgment, and this appeal followed.

This appeal turns on a question of law: whether a party, having filed an appeal from a magistrate court decision in superior court, may dismiss that appeal and refile the action in state court under the renewal statute. Greenwood Homes contends that this question is controlled by OCGA § 5-3-7, which states that, in the case of an appeal to the superior court: "[a]n appeal shall suspend but not vacate a judgment and, if dismissed or withdrawn, the rights of all the parties shall be the same as if no appeal had been entered." Accordingly, Greenwood Homes argues that the result of Long's dismissal is that the magistrate court judgment "stand[s] as if no appeal had been entered."

Long relies on OCGA § 9-11-41 (a) (1) (A), which provides that a plaintiff may voluntarily dismiss an action "at any time before the first witness is sworn." The first such dismissal is without prejudice.[3] Long contends that this Code section authorized her to dismiss her superior court action and refile it in state court. Greenwood Homes argues that this Code section is inapplicable here because it only allows for voluntary dismissal "before the first witness is sworn" and testimony had already been given in the case in magistrate court. But an appeal from the magistrate court to the superior court is de novo, and "[e]ither party is entitled to be heard on the whole merits of the case."[4]

---

[2] See *Epps v. Hin*, 255 Ga. App. 370, 371 (565 SE2d 577) (2002).

[3] See OCGA § 9-11-41 (a) (3).

[4] OCGA § 5-3-29.

We resolve this conflict by applying the rules of statutory construction. "If the words of a statute . . . are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words."[5] We construe statutes dealing with the same subject matter — that is, those "in pari materia" — together and harmonize them whenever possible.[6] And "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent, to resolve any inconsistency between them."[7] OCGA § 5-3-7 is the specific statute governing the dismissal of an appeal to the superior court, whereas OCGA § 9-11-41 addresses dismissal of actions in general. Thus, we conclude that OCGA § 5-3-7 governs the outcome in this case and that Long's dismissal of her appeal rendered the magistrate court judgment final.[8] Accordingly, the trial court erred in denying Greenwood Homes's motion for summary judgment.[9]

*Judgment reversed. Andrews and Bernes, JJ., concur.*

DECIDED JULY 24, 2008 — ▮▮▮▮▮▮▮▮

*Adam H. Long, Veronica H. Cope*, for appellant.
*William R. Carlisle*, for appellee.

---

[5] (Punctuation and emphasis omitted.) *Rite-Aid Corp. v. Davis*, 280 Ga. App. 522, 524 (1) (634 SE2d 480) (2006).

[6] See *Cobb County v. City of Smyrna*, 270 Ga. App. 471, 474-475 (1) (606 SE2d 667) (2004).

[7] Id. at 475.

[8] See *Johnson v. Ford*, 92 Ga. 751, 752-753 (1) (19 SE 712) (1893).

[9] See *Cobb County*, supra; *Metzger v. Americredit Financial Svcs.*, 273 Ga. App. 453, 459-460 (615 SE2d 120) (2005).