S08G1980. LONG v. GREENWOOD HOMES, INC.
(679 SE2d 712)

BENHAM, Justice.

After judgment was entered against her in the Magistrate Court of DeKalb County, appellant Larue Long filed an appeal in superior court pursuant to OCGA § 15-10-41 (b) (1). Long then filed a

voluntary dismissal in the superior court pursuant to OCGA § 9-11-41 (a) (1) (A)[1] and timely filed a renewal action three months later. See OCGA § 9-2-61 (a). Appellee Greenwood Homes filed a motion for summary judgment in the renewal action, contending that, under OCGA § 5-3-7, the voluntary dismissal effectively reinstated the judgment entered by the magistrate court.[2] The trial court denied the motion for summary judgment, holding that Long was entitled to file a renewal action because the voluntary dismissal eliminated both the magistrate court judgment and the case pending in the superior court.

The Court of Appeals granted the application for interlocutory review filed by Greenwood Homes and issued an opinion in which it held Greenwood Homes was entitled to summary judgment. The Court of Appeals perceived a conflict between OCGA §§ 5-3-7 and 9-11-41 (a) (1) and, applying the principle that "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent, to resolve any inconsistency between them," determined that OCGA § 5-3-7 governed because it specifically addresses the dismissal of an appeal to the superior court while OCGA § 9-11-41 (a) (1) addresses the dismissal of actions in general. *Greenwood Homes v. Long*, 293 Ga. App. 18, 20 (666 SE2d 450) (2008). We granted Long's petition for a writ of certiorari because we were concerned with whether the Court of Appeals erred in finding that OCGA § 5-3-7 applied to render final the magistrate court's judgment where the plaintiff attempted to voluntarily dismiss under OCGA § 9-11-41.

We disagree with the analysis of the Court of Appeals. The issues are whether Long was authorized to exercise her right under OCGA § 9-11-41 (a) (1) to voluntarily dismiss the superior court litigation and, if she was so authorized, the effect of the voluntary dismissal. We hold that Long was authorized to dismiss the superior court litigation and the result of her action was the dismissal of her case, not the dismissal of her appeal.

The appeal of the magistrate court judgment to the superior court is a de novo investigation which "brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either

---

[1] OCGA § 9-11-41 (a) (1) states that "[s]ubject to the provisions of [OCGA § 9-11-23 (e) which deals with class actions], Code Section 9-11-66 [which concerns actions in which a receiver is appointed], and any statute, an action may be dismissed by a plaintiff, without order or permission of court: (A) By filing a written notice of dismissal at any time before the first witness is sworn. . . ."

[2] OCGA § 5-3-7 provides that "[a]n appeal shall suspend but not vacate a judgment and, if dismissed or withdrawn, the rights of all the parties shall be the same as if no appeal had been entered."

party is entitled to be heard on the whole merits of the case." OCGA § 5-3-29. The filing of the de novo appeal in superior court has the same effect "as if it had been commenced originally in the superior court." *Fagan v. McTier*, 81 Ga. 73, 75 (6 SE 177) (1888). "Upon a de novo appeal, the state [or superior] court is to 'try the issue anew and pass original judgments on the questions involved as if there had been no previous trial.' [Cit.]" *Scott v. Aaron*, 221 Ga. App. 254 (471 SE2d 55) (1996). "[T]he magistrate court's judgment has no bearing on the merits of the main claim" (*Howe v. Roberts*, 259 Ga. 617 (2) (385 SE2d 276) (1989)), and " '[i]t is not the province of the superior court on such an appeal to review and affirm . . . , but to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial.' [Cit.]" *Knowles v. Knowles*, 125 Ga. App. 642 (1) (188 SE2d 800) (1972).

OCGA § 9-11-41 (a), the voluntary dismissal statute, can be exercised in the de novo appeal filed in superior court since it is contained in the Civil Practice Act, which is applicable to the de novo appeal filed in state or superior court following the entry of a judgment in magistrate court. *Howe v. Roberts*, supra, 259 Ga. at 619, n. 6. The voluntary dismissal worked a dismissal of the case pending in superior court and did not dismiss the appeal. *Fagan v. McTier*, supra, 81 Ga. at 75 (plaintiff's voluntary dismissal of de novo appeal to superior court dismissed the case and did not dismiss the appeal). See also *Scott v. Aaron*, supra, 221 Ga. App. at 255 (ambiguous dismissal order of de novo appeal for want of prosecution (OCGA § 9-11-41 (b) (1)) construed as being a dismissal of the entire action pending in state court rather than of the de novo appeal); *Rousch v. Green*, 2 Ga. App. 112 (58 SE 313) (1907) (in light of the de novo character of the appeal to superior court, it is error to dismiss de novo appeal when plaintiff does not appear; a defendant is restricted to seeking dismissal of the case).

Because Long was authorized to file a voluntary dismissal of her superior court litigation under OCGA § 9-11-41 (a) (1) (A), because the filing of the voluntary dismissal of the superior court litigation dismissed her case but did not dismiss her appeal, and because Long timely filed a renewal action, the trial court was correct when it denied summary judgment to Greenwood Homes in the renewal action. The Court of Appeals erred when it reversed the judgment of the trial court.

*Judgment reversed. All the Justices concur, except Thompson, Hines, and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

Because I believe that the plain and unambiguous terms of OCGA § 5-3-7 are applicable to this case, I must respectfully dissent.

"If the words of a statute . . . are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words." *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999).

> Where a statute is susceptible of one and only one construction, this court can not adopt a different construction merely to relieve [the] parties of some real or imagined hardship; but if the law is valid, we can only apply it in the form into which it was finally adopted as a statute by the lawmaking body.

(Citation and punctuation omitted.) *State Revenue Comm. v. Nat. Biscuit Co.*, 179 Ga. 90, 100 (175 SE 368) (1934).

This case involves an appeal to a superior court. Without limitation, OCGA § 5-3-7 addresses exactly what must happen if such an appeal is dismissed. It mandates that "[a]n appeal shall suspend but not vacate a judgment and, if dismissed or withdrawn, the rights of all the parties shall be the same as if no appeal had been entered." As a result, when Larue Long initially appealed her case to the Superior Court of DeKalb County, it suspended the judgment already received in magistrate court. When Long later dismissed her appeal to the superior court, however, the judgment of the magistrate court was reinstated, "as if no appeal had been entered." That is the law as drafted, and that is the law we must apply.

The holding of the majority would throw any decision by a magistrate court into uncertainty. A party who wished to avoid an adverse ruling of the magistrate court could simply appeal that ruling, dismiss the appeal, and effectively vacate the magistrate's decision. The majority appears distracted by the fact that the appeal to the superior court is de novo; however, the fact of a de novo appeal has no impact on this question. When a losing party appeals from an adverse ruling, that party is seeking to have a higher court change the outcome of the lower court ruling. There are a number of standards of review that the reviewing court might apply. Where the standard of review is de novo, the reviewing court engages in a fiction and conducts the review as if no lower proceedings have previously occurred. But the fact remains that the only way for the losing party to obtain a different result is for the reviewing court to actually reach a different holding. In this case, the majority announces a new method. The losing party can wipe the slate clean simply by appealing and dismissing the appeal. The prevailing party is reduced to a mere observer as its favorable ruling degenerates into a meaningless judicial exercise. This cannot be the outcome that the Legislature intended.

*Fagan v. McTier*, 81 Ga. 73 (6 SE 177) (1888), and *Scott v. Aaron*, 221 Ga. App. 254 (471 SE2d 55) (1996), have no bearing on this case. *Fagan*, decided in 1888, was based on the Code as it existed in 1882. All provisions of that Code have been specifically repealed. See OCGA § 1-1-10 (a) (3) (repealing all codes prior to the Code of Georgia of 1933). In turn, *Scott* is wholly distinguishable from the present matter. The *Scott* opinion holds:

> An appeal from the magistrate court to the state court is a de novo appeal. OCGA § 15-10-41 (b) (1). Upon a de novo appeal, the state court is to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial. Once a de novo appeal from a magistrate court in proper form is taken to a state or superior court, there is no statutory provision for the remand of the case or for reinstatement of the judgment of the magistrate court. Thus, the appeal itself may not be dismissed simply because of the absence of one of the parties to the cause.

(Citations and punctuation omitted.) Id. This case does not involve a remand or dismissal initiated by the superior court due to the absence of a party. This case involves the dismissal by a party. Therefore, *Scott* is simply not applicable to the case at hand.

Staying true to the plain language of the statutes in this case avoids the problems created by the majority. By its clear terms, OCGA § 5-3-7 controls the case at hand. In addition, as pointed out by the Court of Appeals below, Long's reliance on the renewal statute, OCGA § 9-11-41 (a) (1), does not change this result. "For purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent. [Cit.]" *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998). OCGA § 5-3-7 specifically applies to appeals to superior courts, and OCGA § 9-11-41 (a) (1) applies to actions in the most general sense. Therefore, as the specific statute, OCGA § 5-3-7 controls the outcome of this case.

For all of these reasons, I believe the judgment of the Court of Appeals should be affirmed. I am authorized to state that Justice Thompson and Justice Hines join in this dissent.

DECIDED JUNE 15, 2009.

*William R. Carlisle*, for appellant.
*Allen Kopet & Associates, Adam H. Long, Veronica H. Cope*, for appellee.

*Susan B. Ellis*, amicus curiae.