A11A0985, A11A0986. JESSUP v. RAY et al.; and vice versa.

(716 SE2d 583)

MIKELL, Judge.

After judgment was entered against them and in favor of Faye Jessup in the magistrate court, Frank Ray, Pat Ray and Fran Ray (the "Rays") filed an appeal in superior court pursuant to OCGA § 15-10-41 (b) (1). Jessup filed a voluntary dismissal of her claims against the Rays in superior court pursuant to OCGA § 9-11-41 (a) (1) (A) and then timely filed a renewal action.[1] The trial court granted the Rays' motion to dismiss Jessup's claim and reinstated the magistrate court's judgment against the Rays. Both parties appeal the portions of the trial court's order adverse to their interests.[2] For the reasons set forth below, we reverse the judgment and remand the case to the superior court.

We review a dismissal of a complaint de novo.[3] So viewed, the record shows that Jessup filed a claim in magistrate court against the Rays for breach of a lease contract. The Rays answered and filed a counterclaim. After the magistrate court entered judgment for Jessup, the Rays appealed to superior court. Jessup then filed a "dismissal without prejudice" of her claims pending before the superior court, and the Rays dismissed their counterclaims.

Jessup then filed this renewal action in the superior court. The Rays answered and filed a counterclaim. The Rays then moved to dismiss Jessup's complaint. The superior court granted the motion to dismiss, finding that only the Rays, as the party who filed the complaint from magistrate court, would be able to file a renewal action in the superior court. The superior court found that Jessup's dismissal did not dismiss the underlying case, and that the former action was not dismissed until the Rays, the appellants of the magistrate court judgment, filed their voluntary dismissal. Although the superior court did not expressly dismiss the Rays' counterclaim in the instant action, it held that because the Rays did not renew

---

[1] See OCGA § 9-2-61 (a).

[2] The Rays elected not to file a cross-appeal. Therefore, we consolidate these two independent appeals for the purpose of this opinion. See OCGA § 5-6-38 (a) ("[T]he appellee may institute cross appeal . . . ; and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal.").

[3] *Eason v. Marine Terminals Corp.*, 309 Ga. App. 669 (710 SE2d 867) (2011).

their case, the magistrate court judgment stands reinstated, thereby implicitly dismissing the counterclaim. Both parties appeal. In Case No. A11A0985, Jessup appeals the trial court's order granting the motion to dismiss. In Case No. A11A0986, the Rays appeal the portion of the trial court's order reinstating the judgment of the magistrate court. We have consolidated these two cases for the purposes of appeal.

## Case No. A11A0985

1. In her sole enumeration of error, Jessup argues that the trial court erred in dismissing her renewed complaint on the grounds that she did not have standing to file a renewal action. We agree and reverse the judgment and remand the case to the superior court.

A case appealed from the magistrate court to the superior court proceeds de novo.[4] Such appeal "brings up the whole record from the court below; and . . . [e]ither party is entitled to be heard on the whole merits of the case."[5] The superior court is to "try the issue anew and pass original judgments on the questions involved as if there had been no previous trial."[6] The filing of such an appeal has the same effect as if the case had been commenced originally in the superior court.[7]

The controlling case on this issue is *Long v. Greenwood Homes*.[8] In *Long*, Long filed an appeal with the superior court after a judgment was entered against her in magistrate court. Long then voluntarily dismissed the appeal. Thereafter, Long filed a timely renewal action in the superior court. Greenwood Homes filed a motion for summary judgment, contending that the dismissal effectively reinstated the judgment of the magistrate court. The trial court denied the motion for summary judgment, holding that the voluntary dismissal eliminated both the magistrate court judgment and the case pending in superior court. In that case, the Supreme Court of Georgia held that Long was "authorized to dismiss the superior court litigation and the result of her action was the dismissal of her case, not the dismissal of her appeal."[9] Thus, Long was entitled to file a renewal action before the superior court.

---

[4] OCGA §§ 5-3-29; 15-10-41 (b) (1).

[5] OCGA § 5-3-29.

[6] (Citation and punctuation omitted.) *Scott v. Aaron*, 221 Ga. App. 254 (471 SE2d 55) (1996). See also *Long v. Greenwood Homes*, 285 Ga. 560, 562 (679 SE2d 712) (2009) (On appeal to the superior court from a judgment of the magistrate court, "[t]he magistrate court's judgment has no bearing on the merits of the main claim") (citation and punctuation omitted).

[7] *Long*, supra.

[8] Id.

[9] Id. at 561.

In this case, unlike in *Long*, Jessup was not the original appellant to the superior court. The trial court's order holds that *Long* is inapplicable to the case sub judice because of this factual difference and held that only the original appellant to the superior court had the right to dismiss the case pending in superior court. We disagree. *Long* holds that "OCGA § 9-11-41 (a), the voluntary dismissal statute, can be exercised in the de novo appeal filed in superior court since it is contained in the Civil Practice Act, which is applicable to the de novo appeal filed in state or superior court following the entry of a judgment in magistrate court."[10] As stated above, the filing of an appeal from the magistrate court has the same effect as if the case had been commenced originally in the superior court. Thus, Jessup was the plaintiff and the Rays were the defendants and counter-claimants in the superior court action. Both were entitled under the voluntary dismissal statute to dismiss their claims "at any time before the first witness is sworn"[11] and to timely re-file under the renewal statute.[12] Accordingly, we reverse the trial court's order granting the Rays' motion to dismiss and remand this case to the trial court.

### Case No. A11A0986

2. In their sole enumeration of error, the Rays argue that the trial court erred in reinstating the judgment of the magistrate court in its order granting their motion to dismiss. In light of our decision in Division 1, we need not address this enumeration of error.

*Judgment reversed and case remanded. Smith, P. J., and Dillard, J., concur.*

### DECIDED AUGUST 26, 2011.

*Nelson, Gillis & Dixon, James F. Nelson, Jr., Samuel R. Dixon,* for appellant.
*Smith & Cannon, Chester L. Cannon, Jr.,* for appellees.

---

[10] (Citation omitted.) Id. at 562.

[11] OCGA § 9-11-41 (a) (1) (A).

[12] OCGA § 9-2-61 (a). See *Cale v. Jones*, 176 Ga. App. 865, 867 (1) (338 SE2d 68) (1985) (holding counterclaims are subject to renewal).