**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 9, 2016**

# In the Court of Appeals of Georgia

A16A1259. IN RE: ESTATE OF JIMMY CURTIS.

McMILLIAN, Judge.

Jimmy Curtis, an adult ward, appeals from the superior court's order denying his motion to modify his conservatorship. In that motion, Curtis sought to replace his conservator, Robert Long, with Virginia Hilton or Cuddell Ollis, two of his sisters. We affirm for the reasons set forth below.

Long is Curtis's brother-in-law, married to a third sister, Jewel Long. The probate court named Long as Curtis's conservator in an order dated August 28, 2013. Less than two years later, on April 30, 2015, Curtis filed a motion in probate court to modify his conservatorship, requesting that either Hilton or Ollis replace Long as his conservator. Curtis's motion asserted that Long had breached his duties under OCGA § 29-5-22, by consistently failing to consider Curtis's expressed desires and personal

values, failing to communicate with or be reasonably accessible to him, and failing to uphold his dignity and respect. See OCGA § 29-5-22 (b) (1), (2). Under Georgia law, where, as here, "the petition for modification does not allege a significant change in the capacity of the ward," a court has discretion to modify a conservatorship "upon a showing that the modification is in the ward's best interest." OCGA § 29-5-71 (c). After holding a hearing on the motion, the probate court denied the motion in an order dated June 4, 2015, based on a finding that "no evidence was offered that proves any misdoing or misusing of any of the ward's funds by the conservator."

Curtis appealed the probate court's order to the superior court in accordance with OCGA § 29-5-110 (a),[1] which provides for a de novo review of the matter. See

---

[1] OCGA § 29-5-110 (a) provides, in pertinent part, that

the ward, individually or by the ward's legal counsel, representative, or guardian ad litem, or the petitioner may appeal any final order of the court to the superior court in the county in which the proceedings were held. The appeal shall be in the same manner as other appeals from the probate court to the superior court but shall be heard as expeditiously as possible. The appeal shall be de novo unless by agreement the parties specifically limit the issues. . . . The burden of proof shall be upon the petitioner and the standard used by the court in reaching its decision shall be clear and convincing evidence.

2

also OCGA § 5-3-2 (a) ("An appeal shall lie to the superior court from any decision made by the probate court, except an order appointing a temporary administrator."). Under OCGA § 5-3-29,

> [a]n appeal to the superior court in any case where not otherwise provided by law is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case.

See also OCGA § 29-5-70 (a).[2] "The filing of the de novo appeal in superior court has the same effect as if it had been commenced originally in the superior court," and the superior court's task "is to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial." (Citations and punctuation omitted.) *Long v. Greenwood Homes, Inc.*, 285 Ga. 560, 562 (679 SE2d 712) (2009). See also *In re Estate of Wade*, 331 Ga. App. 535, 536 (771 SE2d 214) (2015).

Thus, Curtis bore the burden on appeal to the superior court to show by clear and convincing evidence that the requested modification was in his best interest.

---

[2] OCGA § 29-5-70 (a) provides, in pertinent part, that "[u]pon the petition of any interested person, including the ward, or upon the court's own motion, the court may conduct a judicial inquiry into whether the ward is being denied a right or privilege provided for by this chapter and may issue appropriate orders."

OCGA §§ 29-5-71 (c) (best interest standard); 29-5-110 (a) (burden of clear and convincing evidence).[3] The superior court found that Curtis did not meet his burden. "Absent an abuse of discretion, we will not reverse [a lower] court's determination as to who will serve an individual's best interests as conservator." *Cruver v. Mitchell*, 289 Ga. App. 145, 146 (1) (a) (656 SE2d 269) (2008).

1. In his first enumeration of error, Curtis asserts that the superior court incorrectly found that Curtis was not denied a right or privilege by Long because Long did not make himself reasonably accessible, improperly disposed of Curtis's property, and failed to treat him with dignity and respect. See OCGA §§ 29-5-20 (a) (2), (6); 29-5-22 (a), (b) (1) & (2); 29-3-35.

The evidence from the hearing on Curtis's motion demonstrated that Long was substantially performing his duties as Curtis's conservator, and it is undisputed that

---

[3] We note that at the superior court hearing on Curtis's motion, both parties incorrectly framed their arguments under a preponderance of the evidence standard. These arguments apparently were based on OCGA § 29-5-71 (d), which provides that "[i]n any proceeding under this Code section that would restrict the powers of the conservator or restore powers to the ward, the burden is on the petitioner to show by a preponderance of the evidence that the [requested] modification is in the ward's best interest." Pretermitting whether Curtis's probate court motion to change conservators constituted such a proceeding, Curtis's burden on appeal to the superior court was governed by a different statute, which required a showing of clear and convincing evidence. OCGA § 29-5-110 (a).

Curtis's health and financial situation had improved since his appointment. Curtis admitted that Long spoke with him on the phone approximately once a month and had come to see him four times in a six-month period. The evidence also supported a finding that they communicated about Curtis's financial affairs. To the extent that the evidence was disputed, for example, as to whether Long treated Curtis without the requisite respect or whether he properly communicated with him, we must defer to the superior court judge, who observed the testimony in person, to weigh and resolve any conflicts in the evidence. See *Cruver*, 289 Ga. App. at 147 (1) (b) (appellate court will uphold lower court's factual findings if they are supported by any evidence and defer to the court's credibility determinations). Additionally, Curtis presented no evidence to dispute Long's testimony that he sold Curtis's property at the probate court's specific direction and that the money was placed in Curtis's bank account. Curtis admitted that he had no evidence to show that Long had ever stolen anything from him.

Although Hilton testified she was willing to act as his conservator, she was ambivalent about whether he actually needed a conservator, a point Curtis himself did not contest. And though both Ollis and she stated that they frequently spoke with Curtis on the phone, neither had made an effort to visit Curtis in person at the VA

facility to investigate his current living conditions, and they had made no apparent effort to determine his financial situation. In addition, there was evidence that Curtis inappropriately spent his allowance[4] on other people, including his sisters, by sending them his debit card in the mail for their use.

Based on this and the other evidence presented, we cannot say that the superior court abused its discretion in finding that Curtis failed to show by clear and convincing evidence that he was denied a right or privilege by Long as provided in OCGA § 29-5-22.

2. In a related enumeration of error, Curtis contends that the superior court erred in not allowing him to obtain a conservator that is in his best interest. We disagree for the reasons stated in Division 1. In addition, we note that although under OCGA § 29-5-3 (b) (1) and (7), an individual nominated by an adult ward prior to the appointment of a conservator is given the highest ranking in the statutory order of preference for conservators, while a relative like Long is seventh on the list, the probate court originally appointed Long as conservator. Nothing in the record demonstrates that Curtis either nominated anyone else prior to that appointment or

---

[4] The evidence showed that Long put $450 per month in Curtis's bank account for his personal spending, $250 more than recommended by the VA facility at which Curtis lived and which provided 100% of his room and board.

appealed the probate court's order appointing Long. And although the statute provides that a court must give consideration to the order of preference, it may also "disregard a person who has preference and appoint a person who has a lower preference or no preference." OCGA § 29-5-3 (a). "[U]ltimately[, the court is] required to appoint as conservator that person who shall best serve the interests of the individual." (Citation and punctuation omitted.) *Cruver*, 289 Ga. App. at 146 (1) (a). Accordingly, we likewise find no abuse of discretion in the superior court's determination that it was in Curtis's best interest to deny the motion to modify the conservatorship.

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*