**SECOND DIVISION
DAVIS, J.,
MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 28, 2025**

# In the Court of Appeals of Georgia

A24A1225. CLARK v. JEFFERSON CAPITAL SYSTEMS, LLC.

DAVIS, Judge.

In May 2023, Jefferson Capital Systems, LLC ("Jefferson Capital") filed a suit on account against La'Shaun Clark in magistrate court and obtained a money judgment against her. Clark filed a petition for review in superior court, and the superior court affirmed the magistrate court's judgment. Clark filed the instant appeal after this Court granted her application for discretionary review. For the reasons discussed below, we affirm the superior court's decision.

On appellate review of a bench trial, "we construe the evidence in favor of the judgment." (Citation and punctuation omitted.) *Braswell v. Benton*, 351 Ga. App. 372 (830 SE2d 758) (2019). "We review any questions of law decided by the trial court,

however, de novo." (Citation omitted.) *Agricommodities, Inc. v. Moore*, 359 Ga. App. 1, 2 (854 SE2d 781) (2021).

So viewed, the record shows that Jefferson Capital was the assignee and owner of a promissory note Clark originally obtained from OneMain Financial Group, LLC ("OneMain Financial"). Jefferson Capital filed suit in Douglas County Magistrate Court, alleging that Clark was in default and that the outstanding balance was $5,704.34. To support its claim, Jefferson Capital submitted an affidavit from its Records Custodian for accounts, Heather Whitehill. Whitehall testified in the affidavit that she had personal knowledge of the books and records maintained by Jefferson Capital and was familiar with its record-keeping system, including the records for Clark's account. Whitehill attached documents regarding Clark's account to the affidavit and testified to the following regarding the records. The records were true and accurate records maintained by Jefferson Capital, were kept in the course of a regularly conducted business activity, and were made at or near the time of the transactions reflected therein. Based upon the information provided by OneMain Financial in the ordinary course of business to Jefferson Capital, which included the assignment, bill of sale, and a spreadsheet summarizing and detailing the accounts

included in the pool of debts, the records reflected that Clark's account remained unpaid after all lawful offsets, payments, and credits, and that the principal balance due and owing to it was $5,704.34. The records attached to the affidavit included Clark's loan agreement with OneMain Financial, a "Statement of Account Activity" showing a history of Clark's payments on the account and that she owed $5,704.34, and an "Assignment and Bill of Sale" in which OneMain Financial assigned the account to Jefferson Capital.

Following a hearing,[1] the magistrate court entered judgment in favor of Jefferson Capital in the amount of $5,704.34. Clark filed a petition for review with the Douglas County Superior Court in August 2023. Apparently, Jefferson Capital did not respond to the petition, but its counsel was present for at least parts of a final hearing before the superior court. Following the final hearing, the superior court affirmed the magistrate court's judgment.[2] Clark filed an application for discretionary review, which this Court granted. Clark then filed this appeal.

---

[1] The record does not contain any hearing transcripts.

[2] Clark filed a motion for reconsideration of the superior court's decision, which the court denied.

1. Clark argues that the superior court erred in denying her "default judgment" under OCGA § 5-3-8 (a) based on Jefferson Capital's failure to file a response to her petition for review.[3] We disagree and conclude that Jefferson Capital's failure to file a response to Clark's petition did not require a reversal of the magistrate court's judgment.

In interpreting a statute, "we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature." (Citation and punctuation omitted.) *City of Atlanta v. City of College Park*, 292 Ga. 741, 744 (741 SE2d 147) (2013). We must also

> presume that the statute was enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. It is therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and its meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.

---

[3] We address Clark's arguments in a different order than how she has presented them on appeal. Jefferson Capital has not filed a responsive brief.

(Citation omitted.) Id.

The new Superior and State Court Appellate Practice Act, OCGA § 5-3-1 et seq., became effective on July 1, 2023. See Ga. Laws 2022, Act 875, §§ 1-1 & 3-1. The Act "[p]rovide[s] a single, modern, and uniform procedure called a 'petition for review' for appealing a decision made by a lower judicatory to a superior or state court." OCGA § 5-3-2 (b) (1).

OCGA § 5-3-8 (a) states:

The respondent shall file a response to a petition for review with the reviewing court within 30 days after being served with a copy of the petition for review. If a de novo proceeding is required as specified in subsection (b) of Code Section 5-3-5, the response shall include any counterclaim, cross appeal, defense, or third-party claim asserted by the respondent.

OCGA § 5-3-5 (b) provides that "[a] reviewing court shall conduct a de novo proceeding under this chapter if a de novo proceeding is specified by law." A de novo proceeding is specified by law for appeals from magistrate court to superior court. Specifically, OCGA § 15-10-41 (b) provides that "appeals may be had from judgments returned in the magistrate court to the state court of the county or to the superior court of the county and the same provisions now provided for by general law for

appeals contained in Chapter 3 of Title 5 shall be applicable to appeals from the magistrate court, the same to be a de novo appeal."

OCGA § 5-3-8 (a) states that a respondent "shall" file a response to the petition for review within a certain time frame, and "in its ordinary signification 'shall' is a word of command[.]" (Citation omitted.) *Glass v. City of Atlanta*, 293 Ga. App. 11, 15 (2) (a) (666 SE2d 406) (2008). However, "in the absence of injury to the defendant, a statute which directs that some act be done within a given time period, but prescribes no penalty for not doing it within that time, is not mandatory but directory." (Citation omitted.) Id. "[I]n such instances 'shall' denotes simple futurity rather than a command." (Citation omitted.) Id. OCGA § 5-3-8 (a) does not specify a penalty for a respondent's failure to respond to a petition for review, indicating that such failure alone does not entitle the petitioner to reversal of the lower court's judgment. See id. (because an ordinance providing that an appellate hearing "shall" be held within a certain timeframe did not specify a penalty for failure to comply, such failure did not require reversal of the decision appealed). Similarly, although Uniform Superior Court Rule 6.2 provides that "each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later

than 30 days after service of the motion," this Court has explained that under the rule "[t]he failure of a nonmoving party to file responsive material . . . does not automatically entitle the moving party to judgment. There is no such thing as a default judgment on the pleadings." (Citation and punctuation omitted.) *Neely v. Jones*, 264 Ga. App. 795, 796 (592 SE2d 447) (2003). And OCGA § 5-3-8 (a) may be contrasted with OCGA § 9-11-55 (a), which specifically provides that the failure to file a timely answer to a complaint results in default. See OCGA § 9-11-55 (a) ("If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. . . .").

Clark was not prejudiced by Jefferson Capital's failure to respond to her petition for review because she was already aware of the nature of its claims based on its original suit on account and supporting documents filed in magistrate court. See *McRae v. Hogan*, 317 Ga. App. 813, 817 n.8 (3) (732 SE2d 853) (2012) (respondent to motion for summary judgment had already placed evidence into the record prior to when trial court granted the motion, despite her failure to timely respond to the motion); *Neely*, supra, 264 Ga. App. at 796, 797 (response to motion to dismiss or for

summary judgment was not nullified by renewed motion to the same effect). A de novo appeal "brings up the whole record from the court below; and either party is entitled to be heard on the whole merits of the case. . . . The filing of such an appeal has the same effect as if the case had been commenced originally in the superior court." (Citation and punctuation omitted.) *Jessup v. Ray*, 311 Ga. App. 523, 524 (1) (716 SE2d 583) (2011). Significantly, this Court has previously held that a default judgment will not lie for failure to file defensive pleadings in a de novo hearing on appeal in superior court from a property evaluation, explaining that "because the issues have been defined prior to the filing of the appeal in superior court, the failure to file a response to the appeal in no way works a hardship on the appellant." *Hall County Bd. of Tax Assessors v. Reed*, 142 Ga. App. 556, 560 (236 SE2d 532) (1977); see also *Scott v. Aaron*, 221 Ga. App. 254, 254-255 (471 SE2d 55) (1996) (a de novo appeal from magistrate court to state or superior court "may not be dismissed simply because of the absence of one of the parties to the cause") (citation omitted). The lack of prejudice to Clark from Jefferson Capital's failure to comply with OCGA § 5-3-8 (a) reinforces our conclusion that such failure alone did not entitle her to reversal of the magistrate court's judgment.

Our conclusion is also in accord with the well-established rule that "[w]henever possible[,] cases should be decided on their merits for default judgment is not favored in law." (Citation omitted.) *Gilliam v. Love*, 275 Ga. App. 687, 688 (621 SE2d 805) (2005). Indeed, in passing the Superior and State Court Appellate Practice Act the General Assembly declared its intent to "[i]ncrease access to justice through the greater resolution of appeals on the basis of substantive issues rather than on complex procedural grounds." OCGA § 5-3-2 (b) (2); see also OCGA § 5-3-2 (c) (1) ("[T]he courts shall . . . [c]onstrue the provisions of this chapter broadly so as to render decisions based on the merits of each case and avoid dismissal of any case or refusal to consider any points raised therein unless such dismissal or refusal is expressly required by statute."). Accordingly, Jefferson Capital's mere failure to respond to Clark's petition for review did not entitle her to victory in superior court.[4]

---

[4] We do not address whether the case should have been dismissed by the superior court based on Jefferson Capital's failure to prosecute, because Clark has not argued for a dismissal on this basis and we are "a court for correction of errors of law committed by the trial court where proper exception is taken." (Citation omitted.) *Calhoun, GA NG, LLC v. Century Bank of Ga.*, 320 Ga. App. 472, 477 (2) (740 SE2d 210) (2013); see also *Byers v. Byers*, 41 Ga. App. 671 (154 SE 456) (1930) ("An appeal from the court of ordinary is a de novo investigation, and should not be dismissed because of the absence of either party to the cause. The action may be dismissed for such absence and failure to prosecute the case on the part of the plaintiff, but the appeal cannot be dismissed for that reason.") (citations and punctuation omitted);

2. Clark argues that the superior court erred in considering the records attached to Whitehill's affidavit because they constituted hearsay and Jefferson Capital did not lay a proper foundation for their admission under the business records exception. Clark specifically asserts that Jefferson Capital did not prove that it purchased the debt from OneMain Financial. This argument lacks merit.

Under Georgia's Evidence Code, a business record is admissible as an exception to the rule barring hearsay if the record was:

> (A) made at or near the time of the described acts, events, conditions, opinions, or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification that complies with paragraph (11) or (12) of Code Section 24-9-902 or by any other statute permitting certification.

---

*Rousch v. Green*, 2 Ga. App. 112, 112-115 (58 SE 313) (1907) (where plaintiff filed de novo appeal to superior court but failed to appear when the case was called, the court should have dismissed the plaintiff's case based on failure to prosecute rather than dismiss the appeal, because the proceeding was considered an original suit brought in that court). However, we note that Jefferson Capital's counsel was apparently present for at least parts of the final hearing in superior court.

OCGA § 24-8-803 (6). "[I]t is within the trial court's discretion to determine whether a proper foundation was laid for application of the business records exception to a particular document and whether the circumstances of the document's preparation indicate trustworthiness. Thus, we review the court's ruling in this regard for an abuse of that discretion." (Citation and punctuation omitted.) *Jones v. State*, 345 Ga. App. 14, 17-18 (2) (b) (812 SE2d 337) (2018).

Here, the superior court did not abuse its discretion in determining that the records attached to Whitehill's affidavit were admissible under the business records exception. Whitehill testified that (1) she had personal knowledge of Jefferson Capital's records as Records Custodian for its accounts; (2) the attached records were made at or near the time of the transactions reflected therein and were kept in the course of a regularly conducted business activity; and (3) Jefferson Capital's record-keeping system included Clark's account. See *In the Interest of L-M. C. L.*, 362 Ga. App. 520, 527 (1) (869 SE2d 161) (2022) (drug test results were admissible under OCGA § 24-8-803 (6) where the drug testing company's research and development manager testified that the samples were received and tested in the normal course of

procedures at the business, she knew about the business's testing process, and the tests and records indicated a proper collection and chain of custody to protect the integrity of the samples); *Lockwood v. Fed. Deposit Ins. Corp.*, 330 Ga. App. 513, 516-517 (2) (a) (767 SE2d 829) (2014) (FDIC's asset manager had personal knowledge of business records attached to his affidavit, where he set out his role and personal access to and knowledge of the records that were transmitted to the FDIC when a bank was placed into receivership, the records included the payment records attached to his affidavit, and he averred that the records were kept and maintained in the course of regularly and necessarily conducted business activity).

Clark's assertion that Jefferson Capital did not prove that it purchased her debt from OneMain Financial is unavailing, as the records included the assignment and bill of sale showing that OneMain Financial assigned the debt to Jefferson Capital. See *Roberts v. Community & Southern Bank*, 331 Ga. App. 364, 372 (2) (771 SE2d 68) (2015) ("[T]he business record exception applies to 'data compilations' such as loan or payment history reports prepared by a bank. And a successor bank can rely upon and integrate into its own business records its predecessor's business records so long as a proper foundation is laid under OCGA § 24-8-803 (6)."); see also *Ciras, LLC v.*

*Hydrajet Technology, LLC*, 333 Ga. App. 498, 501 (773 SE2d 800) (2015) (trial court abused its discretion by finding that the business records exception did not apply to the routine bank records authenticated by affidavit as having been transferred to Wells Fargo, and integrated into its own business records, as part of its acquisition of Wachovia); *Lockwood*, supra, 330 Ga. App. at 516 n. 13 (2) (a) (when routine, factual documents made by one business are transmitted and delivered to a second business and then entered in the regular course of business of the receiving business, such documents are admissible as business records). Accordingly, the superior court did not abuse its discretion in determining that the records attached to Whitehill's affidavit were admissible business records.

3. Clark argues that the case should not have proceeded in court because any disputes between her and the lender were subject to binding arbitration under her loan agreement. We disagree.

Clark's loan agreement provided that she and the lender generally waived the right to resolve disputes between them in court and that either party could elect to resolve such disputes through binding arbitration. However, in a paragraph titled

"MATTERS NOT COVERED BY ARBITRATION," the loan agreement provided that

> [i]nstead of pursuing arbitration, either Lender or [Clark] also have the option to bring a lawsuit in court to seek to recover the monetary jurisdictional limit of a small claims or equivalent court in [Clark's] state (including costs and attorneys' fees), provided that no relief other than such recovery is required in such lawsuit (an "Excluded Damages Lawsuit"). If an Excluded Damages Lawsuit is filed, the other party cannot require that the claims in that lawsuit be arbitrated.

In Georgia, magistrate courts are the equivalent of small claims courts and have jurisdiction over civil claims in which the amount demanded does not exceed $15,000. OCGA § 15-10-2 (a) (5); see Ga. Const. of 1983, Art. VI, Sec. X, Par. I (6) ("Justice of the peace courts, small claims courts, and magistrate courts operating on the effective date of this Constitution . . . shall become and be classified as magistrate courts."). Because Jefferson Capital only sought to recover in this suit the outstanding principal of $5,704.34 from Clark, the clear language of the loan agreement permitted it to bring the suit in court.

4. Finally, Clark argues that at the final hearing the superior court violated her constitutional rights to due process and equal protection by not allowing her to be

14

heard on the merits and by showing prejudice against her based on her race. However, Clark "ha[s] the burden of showing harmful error" and is "required to show this by the record on appeal, not by assertions appearing only in [her] brief or enumeration of errors." (Citation and punctuation omitted.) *Robinson v. Professional Truck Towing, Inc.*, 273 Ga. App. 680, 681 (615 SE2d 795) (2005). "Therefore, in the absence of a transcript, we must assume . . . the [superior] court's actions during the [final hearing] were appropriate. Further, a presumption of regularity of all proceedings in a court of competent jurisdiction exists." (Citation omitted.) Id. Because review of Clark's argument requires a transcript of the final hearing, her argument must fail in the absence of a transcript. Id.

For the foregoing reasons, we affirm the superior court's decision to affirm the magistrate court's judgment.

*Judgment affirmed. Markle and Land, JJ., concur.*